LETTON and ROSE, JJ., not sitting.

---

LE ROY FUSSELL v. STATE OF NEBRASKA.

FILED JANUARY 21, 1918.   No. 20194.

1. Constitutional Law: DIVORCE: EX POST FACTO LAW. Chapter 186, Laws 1915, making it a misdemeanor for "any husband, against whom a decree for divorce and alimony for the support of his children shall have been rendered," to neglect or refuse to comply with the decree, and declaring a penalty therefor, is not in conflict with either ·section 10, art. I of the federal Constitution, or section 1b, art. I of the Constitution of the state, as an *ex post facto* law.

2. ——: ——: IMPRISONMENT FOR DEBT. The decree of the district court in a divorce suit providing that the husband shall pay to the wife certain instalments each month for the support of their minor child, is not a debt in the ordinary sense of the term, and the act of the legislature of 1915 providing for the imprisonment of the husband for refusal to make such payments is not in violation of the provisions of section 20, art. I of the Constitution of this state, which provides that no person shall be imprisoned in any civil action for debt.

3. Information: SUFFICIENCY: VENUE. An information whose caption gives the name of the state and the county, and which charges that the designated crime was committed in said county and state aforesaid, alleges the venue with sufficient certainty. `Dunn v. State,` 58 Neb. 807.

4. Divorce: NONCOMPLIANCE WITH DECREE: PROSECUTION: VENUE. A prosecution based on the provisions of chapter 186, Laws 1915, is

properly brought in the district court of the county in which the decree in the divorce proceeding was rendered.

5. **Criminal Law:** PROSECUTION: APPOINTMENT OF ASSISTANT. Error cannot be predicated in a misdemeanor case on the ground that the county attorney called to his assistance another lawyer without the order of the court.

. ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

· *Andrew P. Moran* and *Anthony E. Langdon,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *John L. Cutright, contra.*

HAMER, J.

This is an appeal from a judgment in a criminal prosecution based on the provisions of chapter 186, Laws 1915, which reads as follows: "Whenever any husband, against whom a decree for divorce and alimony for the support of his children shall have been rendered by any court in this state, shall, without good cause, refuse or neglect to pay to the persons noted the amounts and in the manner provided by such decree, he shall be guilty of a misdemeanor and shall, on conviction, be imprisoned in the county jail not less than three nor more than six months for each offense, provided the refusal or neglect to so pay each separate instalment or payment of such money as provided by the decree shall be held to be a separate offense and punishable as such."

Le Roy Fussell was the defendant in the instant case, and his trial in the district court for Otoe county resulted in a verdict of guilty on eleven counts contained in the information. He was sentenced to serve a term of three months in the county jail on each of the counts, to be served consecutively, and that he pay the costs of prosecution. He has appealed.

The appellant by his brief assails the act as unconstitutional, and as one of his reasons for the attack

Fussell v. State.

contends that the law is an *ex post facto* law; that it conflicts with section 10, art. I of the federal Constitution, and section 16, art. I of the Constitution of this state, the latter of which provides: "No bill of attainder, *ex post facto* law, or law impairing the obligation of contracts, or making any irrevocable grant of special privileges or immunities shall be passed."

The record discloses that on the 14th day of January, 1915, the district court for Otoe county rendered a decree in a divorce case providing that defendant should pay the plaintiff, his divorced wife, $10 a month, commencing on the 1st day of January, 1915, for the support of their minor daughter, Eva Louise Fussell; and this prosecution was based on defendant's refusal to pay the sums of money so ordered by the decree of the court.

It is contended that, when the decree was rendered, there was no provision of the law for its enforcement other than the ordinary process of the court, such as execution, attachment, or garnishment; that the act in question placed the defendant in a worse situation than he was in prior to its enactment, and was therefore as to him an *ex post facto* law. Answering this contention, it may be said that the act in question was not amendatory of any statute, but was an independent act which was evidently passed by the legislature for the express purpose of giving the district court power to enforce orders and decrees in divorce cases. Ordinarily the court would have such power by a contempt proceeding; but this court having held in *Leeder v. State*, 55 Neb. 133, and *Segear v. Segear*, 23 Neb. 306, that a decree for permanent alimony is not so enforceable, the legislature, seeing the necessity for granting additional power to the court by which its decrees should be enforced, passed the act now under consideration for that purpose. The act, standing by itself, cannot be said to violate the provisions of either the federal Constitution or the Constitution of the state as

an *ex post facto* law. The legislature had the power
to enact such a law as far as those constitutional pro-
visions were concerned. The act does not amend or
change any other statutory provision; and, as the de-
fendant had not been guilty of any crime at the time
it was enacted, it cannot be said to operate as an *ex
post facto* law as to him. Again, the record shows
that defendant did not refuse to comply with the terms
of the decree in question until after the law went into
effect. It is therefore difficult to see how it affected
him in any way until after his refusal to obey the order
of the court. 8 Cyc. 1035; *Jaehne v. New York,* 128
U. S. 189; *Flaherty v. Thomas,* 12 Allen (Mass.) 428;
*Bittenhaus v. Johnston,* 92 Wis. 588. In 8 Cyc. 1035,
it is said: "Laws which would be *ex post facto* if ap-
plied to offenses occurring before their passage will if
possible be construed as having only a prospective ef-
fect." Many cases are cited in support of this view. Giv-
ing this statute a prospective effect precludes any ques-
tion as to its constitutionality in this case.

· It is defendant's second contention that the act in
question is unconstitutional for the reason that it pro-
vides for imprisonment for debt, and is repugnant to
section 20, art. I of the Constitution of this state, which
reads: "No person shall be imprisoned for debt in
any civil action, on mesne or final process, unless in
cases of fraud." This assignment presents a more diffi-
cult question. It is argued on the strength of the cases
above cited that the decree, which provides that defend-
ant shall pay $10 a month for the support of his minor
child, creates a debt for the nonpayment of which he
cannot be imprisoned under any pretext. Our statute
seems to control the situation. In *Audubon v. Shufeldt,*
181 U. S. 575, it was said: "Alimony does not arise
from any business transaction, but from the relation of
marriage. It is not founded on contract, express or
implied, but on the natural and legal duty of the hus-
band to support the wife. The general obligation to

support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by the court any time, as the circumstances of the parties may require.'' In *Bronk v. State*, 43 Fla. 461, 475, the court say: ''It is almost universally settled that alimony or maintenance from the husband to the wife is not a debt within the meaning of the constitutional inhibition against imprisonment for debt.'' We need not pursue this question further, for the reason that the decree in question here does not provide for the payment of permanent alimony to defendant's wife. Its only provision is that defendant shall pay $10 a month for the support of his minor daughter, and therefore his refusal to make such payments brings him squarely within the provisions of the act in question. We do not think the allowance for the support of defendant's minor child bears any resemblance whatever to a debt, and therefore the constitution does not forbid imprisonment for the defendant's refusal to obey the order of the court.

Defendant further contends that the verdict is not sustained by the evidence. This assignment of error must be disposed of according to the rule so long established that, when there is a conflict of evidence on a material question, the verdict of the jury will not be set aside. In the instant case there was evidence that the defendant was able to pay the several instalments. It appears that he was the president of an insurance company which was doing a profitable business; that he said just before the complaint was filed in this case that he had $300 with which he could pay the amount claimed, which at that time was only $110, but he refused to make such payment for the reason that he would not pay anything to his former wife for fear she might obtain some benefit thereby. The jury, having considered this evidence, found a verdict against him, and we decline to set their verdict aside.

It is also contended that the court erred in overruling defendant's demurrer to the information because no venue was alleged, and that the court erred in overruling defendant's objection to the testimony of the state for the same reason. Without setting out the information, it is sufficient to say that the state and county are set out in the margin and in the caption, and the offense is alleged to have been then and there committed. In *Bartley v. State,* 53 Neb. 310, and in *Dunn v. State,* 58 Neb. 807, it is said that in such cases the venue is sufficiently alleged. Therefore this assignment should not be sustained.

It is also contended that because the plaintiff in the divorce suit had removed to Omaha, and the defendant in the instant case was residing there at the time this prosecution was commenced, the court had no jurisdiction to try the case. We think this contention is without merit. The prosecution was had for a refusal to comply with the order of the district court in the county where the decree was rendered, and this fact sufficiently answers this contention.

It is further contended that it was reversible error for the county attorney to have the assistance of attorney Livingston in the prosecution. The record discloses that this was a prosecution for a misdemeanor, and that as soon as the defendant objected to the appearance of Mr. Livingston he was promptly excluded from futher participation in the prosecution, and it is not shown that the defendant suffered any injury. Therefore defendant cannot complain, and this contention must be overruled.

Finally, it is contended that the gifts of small sums of money from time to time which defendant had made to his minor child without any regard to the decree in question should operate as payment according to the terms of the order of the district court, and should be a bar to this prosecution. The defendant's own testimony is a sufficient answer to this assignment. He nev-

er claimed that such gifts were paid on the decree, and the jury correctly found that they should not be so credited.

As we view the record, it contains no reversible error, and the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.