STATE OF NEBRASKA, APPELLEE, v. ROBERT L. GASCOIGEN, APPELLANT.

213 N. W. 2d 452

Filed December 14, 1973. No. 39107.

T. Clement Gaughan and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, an inmate of the Nebraska Penal and Correctional Complex, was found guilty by a jury of willful failure to return to custody. The District Court imposed a 1-year sentence to be served consecutively to his present sentence. The defendant has appealed. We affirm.

The defendant was serving a 2 to 3-year term in the Nebraska Penal and Correctional Complex. He requested a furlough to go to Omaha to see his daughter. He signed a furlough agreement upon a form which included a statement that failure to return on time constituted escape. The furlough was from 8 a.m. to 8 p.m. on October 14, 1972. It was to be spent at the home of his parents in Omaha where he was required to remain until time for his return. The defendant left the prison complex in Lincoln for his furlough on the morning of October 14, 1972. Defendant's mother telephoned the penitentiary that evening indicating that the defendant was not returning. Defendant made no contact. The authorities waited 1 hour beyond the scheduled termination time and at 9 p.m. notified the Omaha police and requested them to pick the defendant up. On the morning of October 16, 1972, an Omaha policeman found the defendant hiding in an attic storage area of a house some distance away from his parents' house. The defendant appeared to be in full command of his faculties and not suffering from a disability of any kind.

Complaint was filed in the county court on October 18, 1972, and the public defender was appointed as counsel for the defendant. Thereafter preliminary hearing

was waived and defendant was bound over to the District Court on November 21, 1972. On December 19, 1972, an information was filed in the District Court charging that: "(O)n or about the 14th day of October, A.D., 1972 in the County of Lancaster, and the State, aforesaid, then and there being, the said Robert Lee Goscoigen, an inmate of the Nebraska Penal and Correctional Complex was granted a furlough on October 14, 1972, from 8:00 a.m. to 8:00 p.m., that he did not return to the Nebraska Penal and Correctional Complex and was apprehended in Omaha, Nebraska, on October 16, 1972, and returned to the Nebraska Penal and Correctional Complex, contrary to the form of the statutes in such cases made and provided, * * *."

On January 24, 1973, defendant filed a motion to dismiss and demurrer to the information upon the ground that it "does not allege facts constituting an offense punishable by the Laws of this State, and does not allege the requisite intent." On the morning of January 30, 1973, the motion to dismiss was overruled, and the defendant entered his plea of not guilty. After the impaneling of the jury had begun, apparently during a recess, and before any evidence was introduced, the county attorney requested and was granted leave to amend the information by inserting the word "willfully" before the words "did not return" in the information. By inadvertence counsel for the defendant was not notified of the amendment and did not know of it until he examined the instructions at the time of the instruction conference. Defendant's counsel objected upon the ground that the amendment constituted a material variance but the objection was overruled. The case was submitted to the jury on instructions which required the State to prove a willful failure to return.

Section 83-184, R. R. S. 1943, authorizes furloughs and subsection (4) provides: "The willful failure of a person to remain within the extended limits of his confinement or to return within the time prescribed to a faci-

lity designated by the Director of Corrections shall be deemed an escape from custody punishable as provided in section 28-736."

The defendant contends that the omission of the word "willfully" made the information fatally defective because it did not include an essential element of the alleged crime, and that the information could not be amended after trial had begun.

The strict rule of the common law against amendment of indictments lends foundational support to the defendant's argument. The fact that under Nebraska statutes informations are generally subject to the same requirements as are indictments furnishes support by analogy. See §§ 29-1601 to 29-1604, R. R. S. 1943. These statutes have remained virtually untouched since 1885. In most states the strict rules of the common law are generally held to be inapplicable to informations. Amendment of informations is generally provided for by statute and usually by leave of court an information may be amended in matters of substance as well as of form after a plea of not guilty has been entered and before the trial is begun and in matter of form after the trial has begun. See 4 Wharton's Criminal Law and Procedure, § 1880, p. 739.

Nevertheless, prior decisions of this court as well as another statute dealing with indictments generally and in effect since before 1885, point the answer to the defendant's contentions in this case. Section 29-1501, R. R. S. 1943, provides in part: "No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected" by numerous specified omissions or allegations, and concludes with the language "nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We have consistently held that an information or indictment must inform the accused, with reasonable certainty, of the charge being made against him in order

that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to later prosecution for the same offense, and that it is generally sufficient to allege the crime in the language of the statute and that it is not necessary to state the detailed particulars of the crime in the meticulous manner prescribed by the common law. See State v. Adams, 181 Neb. 75, 147 N. W. 2d 144.

It should be pointed out here that under a statute making a willful failure to return to custody a crime, the word "willful" only means "intentional" and not accidental or involuntary. See Sall v. State, 157 Neb. 688, 61 N. W. 2d 256. Where the crime is wholly statutory as this one is, we are not dealing with a crime requiring a specific or even a general criminal intent but only a volitional act, or failure to act.

We have also many times followed the rule that the District Court, before trial, in its discretion, may permit the county attorney to amend a criminal information, provided the amendment does not change the nature or identity of the offense charged, and the information, as amended, does not charge a crime other than the one on which the accused has his preliminary examination. See Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649.

The determinative fact here is that there was no prejudice to the substantial rights of the defendant. The addition of the word "willful" to the language of the information did not alter the burden of the State to prove beyond a reasonable doubt every essential element of the offense with which the defendant was charged. Neither did it change the nature or identity of the offense charged. "It has been held in a variety of contexts that an amendment adding an ommitted allegation of a substantive element of the offense sought to be charged does not 'change the offense.'" People v. Crosby, 25 Cal. Rptr. 847, 375 P. 2d 839. A fortiori, the addition of a formal or nonessential allegation does not do so either. To treat the addition of the single word "will-

ful" as a substantive and critical amendment in this case exalts form over substance.

No explanation is offered as to why the original information did not contain the title of the offense nor contain a reference to the specific statute under which the offense was charged. Neither is there any explanation for the delay in requesting permission to make the amendment involved here after the defendant had called specific attention to the alleged deficiency by motion. We do not condone such procedure but we remain convinced that no substantial rights of the defendant here were prejudiced. We hold that the District Court, in its discretion, may permit a criminal information to be amended at any time before verdict or findings if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced.

The defendant also asserts that jurisdiction of this offense was in Douglas County and not in Lancaster County. The argument assumes that a crime must be an act of commission and that the acts of the defendant were committed in Omaha, Douglas County. This overlooks the fact that a crime may be either an act or an omission. See State ex rel Brito v. Warrick, 176 Neb. 211, 125 N. W. 2d 545. In this case the defendant failed to perform his duty to return to the penal complex in Lincoln, Lancaster County, and venue was clearly in Lancaster County. Arguably, it may have been in Douglas County also.

The judgment of the District Court was correct in all respects and is affirmed.

AFFIRMED.

WHITE, C. J., and BOSLAUGH, J., concur in result.