STATE OF NEBRASKA, APPELLEE, v. WALTER C. LINDSEY, APPELLANT.

227 N. W. 2d 599

Filed April 3, 1975. No. 39705.

Richard C. King, for appellant.

Paul L. Douglas, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

The appellant, Walter C. Lindsey, was tried and convicted in the county court of Sarpy County of the crime of resisting a police officer in the execution of his office. He appealed to the District Court for Sarpy County, which affirmed the judgment and the sentence of 30 days imposed upon the appellant by the lower court. On appeal to this court, appellant's sole assignment of error is the contention that Sarpy County was not the proper venue for the trial of the charge against him in this case. We affirm.

It appears that on February 13, 1974, at approximately 7 a.m., one Raymond Neubauer, a police officer of the City of LaVista, in Sarpy County, Nebraska, was occupying a police vehicle parked along a street located in Sarpy County. The officer observed a pickup truck driven by appellant traveling at a rate of speed in excess of that legally permissible for that particular area. Officer Neubauer set out in pursuit of the truck and switched on the flashing red light of his vehicle in order to signal the truck to stop. The truck turned east on Harrison Street at 74th Street, with Officer Neubauer in pursuit. Harrison Street runs in an easterly-westerly direction, and there is evidence in the record that it is the dividing or boundary line between Sarpy County and Douglas County. Also, we may and do take judicial notice of the fact that the boundary line between the two counties runs down the center of Harrison Street. 29 Am. Jur. 2d, Evidence, § 64, p. 95; 31 C. J. S., Evidence, § 33 (2) b, 942, 943; Nebraska State Bar Association, Evidence, p. 3-3. This being so, a motor vehicle driving in an easterly direction on Harrison Street would necessarily be in Sarpy County, and not in Douglas County, and there is evidence in the record that this was so in this case.

The record reveals that Officer Neubauer pursued the pickup truck driven by appellant, with both his flashing red light and his siren operating, down Harrison Street

but was unable to stop the truck until it reached 58th and Harrison Streets, at which place appellant decided to stop his vehicle or was forced to do so because of other traffic. Officer Neubauer was asked whether the pickup was in Sarpy County when he finally got it stopped, and his answer was: "We were on the line actually, part of the pickup was actually in Douglas County and part was in Sarpy County." He also testified that his cruiser car was entirely "in the Sarpy line." At that point the officer approached the truck and appellant jumped out of his vehicle. They met approximately halfway in the middle of the truck. Officer Neubauer asked appellant for his driver's license and registration and also advised him that he had clocked appellant on radar at 35 m.p.h. in a 25 m.p.h. zone and that appellant had failed to stop or yield to his red light and siren. Appellant then became very upset and abusive and used profane language, whereupon Officer Neubauer advised appellant that he was under arrest. Appellant then got back into his truck which was still running; and the officer, fearing that he was going to drive off, requested that appellant shut his truck off. Appellant just sat there, so the officer reached in the cab and was turning the key off, when the appellant grabbed him around the throat and began choking him. At that time the officer was on the left of the cab, and the door to the cab was open. The altercation continued out in the street. The officer was unable to get appellant's arm off his neck and was forced to use a can of mace to break the hold. Officer Neubauer testified that the struggle began at the site of the pickup truck, approximately halfway in the truck all the way back, and finally broke between both vehicles. Officer Neubauer was ultimately able to subdue the appellant and place him under arrest; and he was subsequently charged, tried, and convicted, as previously stated.

The only contention of the appellant is that the proper

venue for trial of the charges against him was in Douglas County, Nebraska, rather than in Sarpy County, his theory apparently being that since the truck, according to the evidence, was straddling the dividing line between the two counties, and the parties apparently exited from the driver's side of the truck, the offense necessarily occurred in Douglas County.

We note that the question of jurisdiction and venue was not raised either in the original trial in county court, nor on appeal in the District Court, and appellant in his brief concedes this fact. In State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421 (1964), the general rule is stated as follows: "Ordinarily objections not presented to the trial court are not available on review and to make such error available for reversal in the appellate court it should be called to the attention of the district court and be affirmatively shown on record for review. It is fundamental that error may not be predicated on a ground not preserved by a proper objection." (Citing cases.) See also 24 C. J. S., Criminal Law, § 1675, at p. 1156. Appellant contends, however, that this court has the discretion to review this alleged error, and should do so in this case. We shall do so.

Although the evidence would seem to indicate that the altercation took place principally within Douglas County, it is clear that the initial contact between the parties occurred while the officer had his body at least partially inside the cab of the truck, where appellant choked him as the officer was attempting to turn off the ignition and prevent appellant from leaving the scene. As previously stated, the truck was partially in both counties, and there is obviously no way to determine precisely how much of the truck was in each county, or where the county dividing line ran down the length of the truck. Also we are not able to determine with exactitude how much of the officer's body was inside the cab of the truck at the time he was choked, or whether any part of the officer's body crossed the boundary line

and was actually in Sarpy County. Also it is not possible from the record to accurately determine whether in the scuffle which occurred outside the truck following the choking episode, the parties may not have crossed the boundary line between the truck and the police cruiser, so that it could be said with absolute certainty that the fight occurred on both sides of the boundary line, although this is entirely possible. It is appellant's contention that the fight occurred entirely within Douglas County, and therefore the proper venue for his trial should have been in Douglas County. See § 29-1301, R. R. S. 1943. We do not agree. Appellant apparently overlooked certain other statutes which are sufficient to supply venue for trial in Sarpy County under the facts of this case. Section 29-1305, R. R. S. 1943, provides as follows: "When an offense shall be committed on a county line, the trial may be in either county divided by such line, and where any offense shall be committed against the person of another, and the person committing the offense shall be in one county, and the person receiving the injury shall be in another county, the trial may be had in either of such counties." We think the foregoing statute is applicable to the facts of this case, particularly in view of the altercation within the cab of the truck, as previously related. We believe that this was an offense which occurred on a county line, since the truck itself was apparently in both counties. While it is not shown with precision exactly on which side of the county line the choking within the cab occurred, we do not believe that fact is determinative in this case. It was exactly this type of situation that the foregoing statute was intended to cover. The reasoning urged by appellant would defeat the clear intent of the statute, and we need not carry this reasoning to the extent of being absurd.

Moreover, section 29-1301.01, R. R. S. 1943, provides: "If any person shall commit an offense against the person of another, such accused person may be tried in the

county in which the offense is committed, or in any county into or out of which the person upon whom the offense was committed may, in the prosecution of the offense, have been brought, or in which an act is done by the accused in instigating, procuring, promoting, or aiding in the commission of the offense, or in aiding, abetting, or procuring another to commit such offense." If we consider the events that transpired prior to the actual assault, it is clear that the entire matter grew out of the officer's attempt to arrest the appellant for speeding and disregarding his instructions after a chase between the vehicles, all of which occurred in Sarpy County, Nebraska. The acts of the appellant were, we believe, under the facts of this case, acts "done by the accused in instigating, procuring, promoting, or aiding in the commission of the offense." This statute, also, would clearly authorize trying the appellant in Sarpy County. We need not consider or rule on the applicability of section 29-1301.02, R. R. S. 1943, cited by appellee, in view of our conclusions that both of the foregoing statutes are sufficient to dispose of the matter of venue raised in this case.

Under the circumstances, we conclude that Sarpy County must be regarded as a proper venue for the trial of the charges arising from the assault on Officer Neubauer, and the judgment of the District Court must be affirmed.

AFFIRMED.