REQUESTED BY: Mr. Alan G. Gless, Polk County Attorney, Osceola, Nebraska 68651.
1. If the Polk County Sheriff or one of his deputies observes a motor vehicle on the Butler County Side of Highway 81 exceeding the speed limit entirely on the Butler County side of the centerline, may such officers stop the vehicle and cite the driver for speeding and vice versa?
2. If a State Trooper cites a motorist for speeding entirely on the Polk County side of Highway 81, may the citation be filed and the case be tried in Butler County?
3. If the trooper observes a motorist exceeding the speed limit while straddling or crossing the centerline of this stretch of Highway 81, may the citation be filed and the case tried in either Polk County or Butler County?
1. Yes.
2. No. The citation should be filed and the case tried in Polk County, the county in which the offense occurred.
3. Yes.
The question of venue for the prosecution of traffic offenses has arisen where the dividing line between two counties is a highway with its centerline corresponding to the county line. In the first instance, a `highway' is defined in section 39-602(32) R.S.Supp., 1979:
 "Highway shall mean the entire width between the boundary limits of any street, road, avenue, boulevard, or way which is publicly-maintained when any part thereof is open to the use of the public for purposes of vehicular travel." (Emphasis supplied.)
Section 39-603(1), R.R.S. 1943, states that the provisions governing the operation of vehicles refers exclusively to the operation of vehicles upon highways. If a highway is coincidental with a county line, a definitional problem arises regarding the prosecution of traffic offenses committed on either side of the highway.
The power and duty to enforce the laws governing the operation of motor vehicles on the highways is found in section39-6,192, R.R.S. 1943:
 "The superintendent as defined in section 60-401, his subordinate officers or employees, including all officers and patrolmen of the Nebraska State Patrol, all sheriffs and all deputy sheriffs of the several counties,
all chiefs of police and all policemen in all cities, all village marshals in all villages, throughout the State of Nebraska, are hereby specifically directed and authorized and it shall be deemed and considered a part of the official duties of each of such officers respectively to enforce the provisions of sections 39-669.21, 39-6,127, 39-6,133, 39-6,138, 39-6,140, 39-6,192 and 60-435. To perform the official duties hereby imposed, the superintendent, his subordinate officers or employees, are each of them specifically directed, if necessary, to exercise all powers recited and granted in section 60-435." (Emphasis supplied.)
Section 60-435, R.R.S. 1943, provides in pertinent part:
 "The superintendent and all members of the Nebraska State Patrol and all other peace officers mentioned in section 39-6,192 shall have the power (1) of peace officers for the purpose of enforcing the provisions of this act and for the purpose of enforcing any other law regulating the operation of vehicles or the use of the highways; (2) to make arrests upon view and without warrant for any violation committed in their presence of any of the provisions of this act, or of any other law regulating the operation of vehicles or the use of the highways or of the laws of the state relating to felonies, if and when designated or called upon to do so as provided by law; . . ." (Emphasis supplied.)
A particular definition of a `county line' does not appear in the statutes governing the rules of the road. Section39-1403, R.R.S. 1943, does provide the following:
 "Any public road that is or shall hereafter be laid out on a county or township line shall be held to be a road on a county or township line. . . ."
Most jurisdictions have addressed this problem through legislation, providing that if an offense is committed on a boundary between counties, or within a specified distance of the same, the offense may be tried in either county. 22C.J.S. Criminal Law § 178. In Nebraska, section 29-1305, R.R.S. 1943, deals with crimes committed on a `county line'.
 "When an offense shall be committed on a county line, the trial may be in either county divided by such line. . . ."
In construing this statute, the Nebraska Supreme Court has stated:
 "We believe that this was an offense which occurred on a county line, since the truck itself was apparently in both counties. While it is not shown with precision exactly on which side of the county line the choking within the cab occurred, we do not believe that fact is determinative in this case. It was exactly this type of situation that the foregoing statute was intended to cover." State v. Lindsey, 193 Neb. 442, 227 N.W.2d 599
(1975).
The vehicle in question in Lindsey was located partially in both counties. Therefore, section 29-1305, was applicable providing that offenses committed on a county line may be tried in either county divided by such line.
Given the coincidental powers and duties of the State Patrol, county sheriffs, and other peace officers found in39-6,192, together with the specific reference in 60-435 to `make arrests upon view and without warrant for any violation committed in their presence,' it would appear that a peace officer from either county, or a State Trooper, has the authority to cite a motorist for speeding on a highway that is coincidental with a county line. However, if the violation is committed entirely on one side of the centerline, the citation should be filed and the case triedin the county in which the offense occurs. If the violation occurs while straddling the centerline, the citation may be filed and the case may be tried in either county.