THE STATE OF OHIO, APPELLEE, *v.* CREMEANS, APPELLANT.

(No. 318—Decided February 1, 1982.)

*Mr. I. Carson Crow,* for appellee.
*Mr. Steven L. Story,* for appellant.

GREY, P.J. This is an appeal from the Court of Common Pleas of Meigs County. On December 8, 1980, appellant, Donald Cremeans, was arrested by the state of Ohio Division of Wildlife Protector, Richard L. Staugh, for unlawfully interfering with a game protector performing his duties, in violation of R.C. 1533.67.

Staugh was investigating an alleged hunting without permission on the land of Leroy Fryar, whose real estate is located in Section 18 of Orange Township, Meigs County, Ohio. Appellant's interference with Staugh's duties occurred on real estate owned by Edsel and Bernice Hart, which is contiguous with the Fryar property. Approximately half of the Harts' property is located in Section 18 of Orange Township, Meigs County, Ohio, while the other half is located in Section

13 of Carthage Township, Athens County, Ohio. The Harts own approximately one hundred forty acres.

The matter proceeded to trial before the court. At the close of the state's case, appellant made a motion for a directed verdict of acquittal, alleging that the state had failed to prove venue because the state had not proven beyond a reasonable doubt that the offense was committed in Meigs County. The trial court, relying on R.C. 2901.12(G), overruled appellant's motion.

At the close of appellant's case, appellant again made a motion for directed verdict of acquittal on the venue issue. Once again the trial court overruled appellant's motion. Appellant was found guilty and sentenced. Appellant has appealed his conviction and alleges one error:

"I. The trial court erred by failing to sustain the Defendant's motion for a directed verdict at the close of the State's case for failure to prove proper venue. This error arises as a result of the trial court's reliance on and misapplication of Ohio Revised Code Section 2901.12(G) to the facts of this case, where the offense took place in only one county and the exact location where the offense occurred was known by the State of Ohio."

Appellant is correct in his contention that the state did not prove beyond a reasonable doubt that the offense for which appellant was being tried occurred entirely in Meigs County. Staugh testified on direct examination that he believed the point where the interference occurred was in Meigs County on the Harts' property. However, on cross-examination Staugh testified that he could not swear under oath in court that the event occurred in Meigs County with the certainty of a surveyor.

The admission by the state does not change the ultimate result. The evidence is uncontroverted that the offense occurred close to the Athens County and Meigs County boundary lines. R.C. 2901.12(G) states:

"When it appears beyond a reasonable doubt that an offense or any element thereof was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction."

The trial court found R.C. 2901.12(G) applicable under the facts of the case at bar. We agree with the trial court's conclusion. While there are no Ohio cases directly on point, we find authority for our affirmance in 22 Corpus Juris Secundum, Criminal Law, Section 178, and the cases cited therein, especially *State* v. *Lindsey* (1975), 193 Neb. 442, 227 N.W. 2d 599.

The Supreme Court recently discussed venue and R.C. 2901.12 in the *per curiam* opinion in *State* v. *Draggo* (1981), 65 Ohio St. 2d 88, 90 [19 O.O.3d 294]:

"Venue is not a material element of any offense charged. The elements of the offense charged and the venue of the matter are separate and distinct. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77, and *Carbo* v. *United States* (C.A. 9, 1963), 314 F.2d 718. Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived. *State* v. *Nevius* (1947), 147 Ohio St. 263 [57 O.O.2d 160].

"R.C. 2901.12(G) and (H) are statutory reflections of the modern mobility of criminals to perform unlawful deeds over vast geographical boundaries. The above-noted statutory provisions effectuate a sensible, efficient approach to justice by permitting one court to hear a matter which has roots in several court jurisdictions."

The Supreme Court said venue is a question of fact. From the facts the trial court had to go on, there are only three possibilities. The offense occurred entirely in Meigs County, entirely in Athens County, or in both counties. There is absolutely no evidence that it occurred en-

tirely in Athens County. There was direct testimony that it occurred entirely in Meigs County, and on cross-examination the witness testified that though he could not give the exact location by metes and bounds he started at the Athens county line and walked south. The trial court found that either it happened in Meigs County entirely, or partially in Athens County and Meigs County, but in that latter event R.C. 2901.12 would apply. There is no error in this finding.

Assignment of Error I is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON and ABELE, JJ., concur.