STATE OF NEBRASKA, APPELLEE, V. SANDY L. GORMAN,
APPELLANT.
441 N.W.2d 896

Filed June 30, 1989.   No. 88-809.

Ralph E. Peppard, of Rold & Peppard, for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino,
Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
Sandy L. Gorman appeals her Douglas County Court
conviction and 1-year jail sentence for abusing her 8-month-old
daughter. The conviction and sentence were affirmed on appeal
to the Douglas County District Court. We reverse and grant a
new trial.

Gorman's five assignments of error can be consolidated to claim the district court erred in failing to (1) find the evidence was insufficient to support the conviction, (2) find that the trial court lacked subject matter jurisdiction, and (3) submit an instruction to the jury setting forth the essential elements of the crime charged.

On December 11, 1987, the defendant took her baby to a hospital for treatment of a high temperature, lung congestion, a probable ear infection, and suspected pneumonia. Omaha's Children's Hospital personnel discovered 3-week-old multiple fractures of the child's ribs and a fracture of her left leg. Gorman was charged in the Douglas County Court and convicted by a jury of child abuse, a violation of Neb. Rev. Stat. § 28-707 (Reissue 1985).

Specifically, the defendant was charged with negligently causing or permitting the baby to be (1) placed in a situation that endangered her life or health; or (2) cruelly confined or cruelly punished; or (3) deprived of necessary food, clothing, shelter, or care. Violation of the statute is a Class I misdemeanor if the acts are committed negligently. A Class I misdemeanor carries a penalty of up to 1 year's imprisonment, up to a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Cum. Supp. 1986).

At the trial, there was sufficient evidence from which the jury could find beyond a reasonable doubt that the injuries to the child were not accidental, but the result of inflicted trauma; that the defendant inflicted the trauma causing the injuries; and that the acts occurred in Douglas County, Nebraska, on or about November 20, 1987. Because this case is being remanded for a new trial, no purpose would be served in a detailed recitation of the facts. It is sufficient to note that Gorman's first assignment of error is without merit.

In the second assignment of error, Gorman complains that the trial court did not have subject matter jurisdiction to hear her case and asks this court to dismiss the action for that reason. The defendant refers to Neb. Rev. Stat. § 29-1301 (Reissue 1985). Section 29-1301 is a venue statute that provides in part that all criminal cases shall be tried in the county where the offense was committed.

" 'Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs . . . .' "

*In re Interest of Adams*, 230 Neb. 109, 114, 430 N.W.2d 295, 299 (1988), quoting *Lewin v. Lewin*, 174 Neb. 596, 119 N.W.2d 96 (1962).

" 'Jurisdiction is the inherent power or authority to decide a case; venue is the place of trial of an action—the site where the power to adjudicate is to be exercised.' " *In re Interest of Adams, supra* at 114, 430 N.W.2d at 298, quoting *State ex rel. Bauersachs v. Williams*, 215 Neb. 757, 340 N.W.2d 431 (1983). See, also, *Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988).

In the case before us, Gorman is actually complaining about venue. She asserts there is no evidence that the child's injuries occurred in Douglas County, Nebraska, and, therefore, venue was improper. In Nebraska, in the absence of a defendant's waiver of venue, the State has the burden to prove proper venue beyond a reasonable doubt. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989). See, also, *State v. Lindsey*, 193 Neb. 442, 227 N.W.2d 599 (1975).

"The venue of an offense may be proven like any other fact in a criminal case. It need not be established by positive testimony, nor in the words of the information; but if from the facts appearing in evidence the only rational conclusion which can be drawn is that the offense was committed in the county alleged, it is sufficient."

*State v. Vejvoda, supra* at 674, 438 N.W.2d at 466; *Weinecke v. State*, 34 Neb. 14, 51 N.W. 307 (1892).

The defendant's assignment of error has no merit. There was evidence from which a jury could find beyond a reasonable doubt that the alleged crime occurred in Douglas County, Nebraska.

In her final assignment of error, Gorman complains that the trial court failed to instruct the jury on the material elements of the crime charged. In *State v. Lenz*, 227 Neb. 692, 419 N.W.2d

670 (1988), where the defendant complained that the trial court failed to instruct the jury on all the material elements of the crime charged, we held that it is the duty of the trial court to properly instruct the jury on the law applicable to the case whether requested to do so or not. See, also, *State v. Scott*, 225 Neb. 146, 403 N.W.2d 351 (1987); *State v. Bridger*, 223 Neb. 250, 388 N.W.2d 831 (1986); *State v. Breaker*, 178 Neb. 887, 136 N.W.2d 161 (1965).

In a criminal trial, the court in its instructions must delineate for the jury each material element the State is required to prove beyond a reasonable doubt to convict the defendant of the crime charged. In this case, in instruction No. 2, the trial court set forth an inaccurate summarization of the charge in the complaint. The instruction is also somewhat ambiguous. Instruction No. 3 told the jury that negligence is a material element of the crime charged, and then defined it. The jury was not instructed as to the other material elements of the crime. The court should have instructed the jury that to convict Gorman, the State was required to prove beyond a reasonable doubt each of the following elements of the crime charged: (1) that the defendant, Sandy L. Gorman, negligently caused or permitted her child: (a) to be placed in a situation that endangered the child's life or health; *or* (b) to be cruelly confined or cruelly punished; *or* (c) to be deprived of necessary food, clothing, shelter, or care; and (2) that the act or acts were committed in Douglas County, Nebraska, on or about November 20, 1987.

It should be noted that the State is required to prove only one of the negligent acts listed in § 28-707. The alternate word "or" between each set of acts was omitted in instruction No. 2.

One of Gorman's defenses was that the child was not in Douglas County, Nebraska, at the time the State claims the child's injuries occurred. As previously stated, unless waived, the trial of a criminal case must be held in the county where the crime takes place. A set of instructions omitting venue as a material element is prejudicially erroneous.

We vacate Gorman's sentence, reverse her conviction, and remand this cause to the district court with directions for it to remand the case to the Douglas County Court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.