**The STATE of Ohio, Appellee,**

v.

**MILLER, Appellant.**

[Cite as *State v. Miller* (1989), 63 Ohio App.3d 479.]

Court of Appeals of Ohio,
Warren County.

No. CA88–09–071.

Decided June 30, 1989.

480

*Timothy A. Oliver,* Prosecuting Attorney, and *Carolyn A. Benninghoff,* for appellee.

*Susan P. Spindel,* for appellant.

*Per Curiam.*

Defendant-appellant, D.S. Miller, appeals his convictions of rape and gross sexual imposition for which he received a combined prison sentence of six to twenty-five years.

A Warren County Grand Jury indicted appellant on one count of rape and two counts of gross sexual imposition.[1] Count One charged appellant with touching the vaginal and breast areas of Cindy C., a person less than thirteen years of age, during a time period between April 1, 1987 and May 30, 1987. Count Three charged appellant with the rape of Cindy C., a person less than thirteen years of age, during a time period between October and November 1986. Pursuant to appellant's request, the state provided a bill of particulars setting forth the specific conduct of the alleged violations.

Cindy C. is the cousin of appellant's wife. After her mother's death, Cindy C. came to live with appellant and his wife. Appellant's defense was that the child wished to live alone with her cousin much in the same manner as she had lived with her mother. To accomplish this objective, Cindy C. fabricated the charges of sexual misconduct to have appellant removed from the household. Appellant attempted to introduce evidence that similar but unsubstantiated charges had been previously filed against Cindy C.'s natural father, resulting in his removal from Cindy C.'s home. Evidence of these prior charges was contained in the records of the Hamilton County Department of Human Services.

Prior to trial, the trial court ruled that Cindy C.'s records were inadmissible in appellant's trial. Appellant's motion for a judgment of acquittal at the close of the state's case was denied and, after appellant presented his evidence to the jury, the jury returned guilty verdicts on both counts. Appellant appeals and presents the following assignments of error for review:

First Assignment of Error

"The trial court erred to the prejudice of defendant-appellant by not allowing the defendant-appellant to present oral and written evidence through the Hamilton County Department of Human Services' records of two prior unsubstantiated allegations of sexual abuse brought by the alleged victim against her natural father."

Second Assignment of Error

"The trial court erred to the prejudice of defendant-appellant by not ordering the entry of a judgment of acquittal on the charges alleged in Count One because the state failed to prove venue."

---

1. The state dismissed one count of gross sexual imposition prior to trial.

Third Assignment of Error

"The trial court erred to the prejudice of defendant-appellant by not ordering an acquittal on Count One of the indictment as specified by the amended bill of particulars because the state failed to offer any evidence to support the allegations alleged in the original bill of particulars."

In his first assignment of error, appellant argues that the trial court erroneously excluded evidence of two prior unsubstantiated incidents of sexual abuse which were allegedly perpetrated against Cindy C. by her natural father. Appellant unsuccessfully attempted to introduce evidence of these prior incidents via the records of the Hamilton County Department of Human Services. The trial court refused to allow the testimony on the basis of R.C. 2907.02(D), which provides, in part, that:

"Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

According to appellant, he was denied his right to confront witnesses against him under the United States and Ohio Constitutions when the trial court refused to permit the introduction of the records pertaining to the prior allegations of sexual abuse against Cindy C.'s natural father.

The trial court relied on R.C. 2907.02(D)—the Ohio rape shield law—to exclude the evidence. The purpose of the rape shield law is to exclude evidence on charges of rape or other sexual activity by the alleged victim or the defendant. The evidence is not to be admitted unless the trial court determines it is material to a fact at issue and that its prejudical nature does not outweigh its probative value. *State v. Leslie* (1984), 14 Ohio App.3d 343, 14 OBR 410, 471 N.E.2d 503. The law essentially prohibits the introduction of any extrinsic evidence pertaining to the victim's sexual activity. Exceptions to this prohibition include evidence of the origin of semen, pregnancy, or disease, or of the victim's past sexual activity with the *offender.* R.C. 2907.02(D).

The Supreme Court has previously determined that where contested evidence was submitted merely to impeach the victim's credibility, such evidence is prohibited by the rape shield law. *State v. Gardner* (1979), 59 Ohio St.2d 14, 13 O.O.3d 8, 391 N.E.2d 337; *State v. Ferguson* (1983), 5 Ohio St.3d 160, 5 OBR 380, 450 N.E.2d 265. In *State v. Williams* (1986), 21 Ohio St.3d 33, 21

OBR 320, 487 N.E.2d 560, the Supreme Court concluded that the defendant's right of confrontation had been denied when the trial court excluded evidence under the rape shield law. However, the contested issue in that case was the victim's consent, which directly related to an element of the charged offense. The victim had testified on direct examination that she never consented to sex with men. A defense witness later attempted to testify as to his prior sexual relations with the alleged victim. This testimony, the Supreme Court concluded, directly refuted the victim's contention that she never consented to sex with men because she was a lesbian. Although the victim's credibility was being impeached, the proffered evidence had a more important purpose, which was to negate the implied establishment of an element of the charged crime. Accordingly, the probative value of the testimony outweighed any interest the state had in its exclusion and it was prejudicial error to exclude the evidence pursuant to R.C. 2907.02(D). *Williams, supra.*

Appellant allegedly did not offer the evidence of unsubstantiated allegations of sexual abuse by the victim's father to impeach the victim's credibility by a general allegation of unchastity. Appellant offered the evidence for the limited purpose of "establishing an alternate source of knowledge of sexual function or possibly an ulterior motive for bringing the charges." Appellant contended that Cindy C. made the allegations of sexual abuse in order to have appellant removed from the home. Similar action was taken against Cindy C.'s father when he was charged with sexually abusing Cindy C.

Although the prior charges against Cindy C.'s natural father were unsubstantiated, those charges were filed by Cindy C.'s mother after she came home and discovered the father in bed with the child. Cindy C. did not file the prior charges against her father. It is within the trial court's sound discretion to determine the relevancy of evidence and to apply the rape shield law to best meet the purpose behind the statute. *Leslie, supra.* This court previously held that the rape shield law, when considered in conjunction with Evid.R. 608, "does not provide for impeachment of reputation for truth-telling by evidence of a victim's past sexual conduct which *tends to show* that she may have the *ability to fabricate* a new but *fictitious story.*" (Emphasis added.) *State v. Tomlinson* (1986), 33 Ohio App.3d 278, 280, 515 N.E.2d 963, 966. We are satisfied that the excluded evidence was not material to a fact at issue in the case at bar and that the trial court did not abuse its discretion in refusing to admit the evidence of prior allegations of unsubstantiated incidents of sexual abuse by Cindy C.'s natural father. The first assignment of error is therefore overruled.

For his second assignment of error, appellant contends that the trial court erred by failing to grant his motion for a directed verdict of acquittal as to Count One of the indictment because the state failed to prove venue.

Count One of the indictment allegedly occurred when appellant took Cindy C. on a fishing trip. The victim testified that she accompanied appellant in a canoe on a fishing trip originating in South Lebanon, which the victim identified as being in Warren County. When asked if their fishing trip was on the Little Miami River, the victim simply said "it might have been." During his case-in-chief, appellant testified and stated that he took Cindy C. fishing on only one occasion and that the trip was on the Little Miami River. Appellant also testified that his brother, who was canoeing on the river, stopped for a short visit during this fishing trip. Appellant's brother corroborated appellant's testimony and stated that he saw appellant fishing with the victim once near Morgan's Canoe Rental. (Although appellant's brother did not identify Morgan's Canoe Rental as being on the Little Miami River, taken within the context of the entire testimony, it is readily apparent that the single occasion on which the brother observed appellant fishing with Cindy C. occurred on the Little Miami River.)

Venue refers to the county in which the charged offense is alleged to have been committed. *State v. Piersall* (Feb. 22, 1988), Warren App. No. CA87–06–052, unreported, 1988 WL 21311. Although venue is not a material element of the charged offense, *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716, it is a fact that must be proved unless waived by the defendant at the time of trial. *State v. Cremeans* (1982), 5 Ohio App.3d 8, 5 OBR 9, 448 N.E.2d 837. According to appellant, the state failed to produce sufficient evidence that the alleged incident of gross sexual imposition occurred in Warren County.

Initially, it should be noted that appellant's motion for a judgment of acquittal at the close of the state's case was overruled. Appellant then presented evidence on his own behalf and rested without renewing his motion. Normally, in such a situation, any error in overruling the motion for a directed verdict at the conclusion of the state's case is waived where the defendant offers evidence on his own behalf. *State v. Whitmeyer* (1984), 20 Ohio App.3d 279, 20 OBR 370, 485 N.E.2d 1055. For this reason alone, the assignment of error should be overruled.

However, even if the merits of appellant's claim are considered, the assignment of error is still without merit. The evidence clearly shows that the fishing trip in question originated in Warren County and was on the Little Miami River. After proceeding down river, appellant and the victim went

ashore where the incident allegedly occurred. What is unclear is whether the point at which the two went ashore was in Warren County. Such a situation is clearly covered by R.C. 2901.12(G), which provides that:

"When it appears beyond a reasonable doubt that an offense or any element thereof was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction."

■ This section of R.C. 2901.12 applies to those situations where the entire offense was committed in a single county but it cannot reasonably be determined in which county the offense was committed. *Piersall, supra.* In such cases, where it cannot be determined in which of the counties a felony was committed, although there is proof beyond a reasonable doubt that the offense occurred in one of the counties, the statute permits the crime to be prosecuted in any of the counties. *Id.*

It is obvious that the crime occurred somewhere along the banks of the Little Miami River. It is uncertain whether the incident occurred in Warren County or a neighboring county through which the Little Miami River runs. Such a situation is clearly covered by R.C. 2901.12(G) and the trial court did not err in refusing to grant appellant's motion for a judgment of acquittal on the issue of venue. The second assignment of error is hereby overruled.

For his final assignment of error, appellant claims that the trial court erred by not granting a judgment of acquittal on Count One of the indictment because the state failed to offer evidence in support of the specific allegations contained in a bill of particulars. The state's bill of particulars specified, with respect to Count One of the indictment, that appellant engaged in sexual contact with the victim by touching her vaginal and breast areas.

Under R.C. 2907.05(A)(3), no individual shall have sexual contact with another when the other person is less than thirteen years of age. "Sexual contact," as defined by R.C. 2907.01(B), means "any touching of an erogenous zone of another, including * * * if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

■ "A bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards* (1985), 17 Ohio St.3d 169, 171, 17 OBR 410, 412, 478 N.E.2d 781, 784. It has been determined that a defendant, upon seasonable demand, is entitled to a bill of particulars setting out the ultimate facts upon which the state expects to rely in establishing its case, and the state upon supplying such bill should be restricted in its proof to the indictment and the particulars

as set forth in the bill. *State v. Collett* (App.1944), 44 Ohio Law Abs. 225, 58 N.E.2d 417.

A review of the record indicates that the victim was lying on some rocks when appellant came over and sat down so as to position the victim between his legs. The victim testified that appellant then began tickling her "around my breasts and on my sides." According to the victim, appellant then "scooted down more" and began pushing her head towards his clothed crotch.

In order for sexual contact to support a conviction for gross sexual imposition, under R.C. 2907.05 and 2907.01, the touching or contact must be for the purpose of sexually arousing or gratifying either the victim or the offender. Although "sexual arousal or gratification" has not been statutorily defined, the Franklin County Court of Appeals recently held that R.C. 2907.05 and 2907.01(B) contemplate any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying. *State v. Astley* (1987), 36 Ohio App.3d 247, 523 N.E.2d 322. Considering appellant's total course of conduct during the fishing trip, we are satisfied that a reasonable person would perceive appellant's touching of Cindy C.'s breasts as sexually stimulating or gratifying. Accordingly, there was sufficient evidence to prove the specific allegations of conduct set forth in the bill of particulars. We therefore conclude that the third assignment of error is not well taken and is hereby overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.