REQUESTED BY: Mary Dean Harvey, Director of Social Services
QUESTION: What is the proper venue for a criminal nonsupport action?
ANSWER: In descending order from most to least persuasive, a criminal nonsupport action could conceivably be prosecuted in the county where the mother and child(ren) reside, the county where the divorce decree was entered, or the county where the father resides.
I. FACTS
For purposes of your question, you have assumed that a husband and wife had a child or children, that the parties were divorced, that the father was ordered to pay child support under a divorce decree, the mother was granted custody of the parties' child(ren), and that the divorce decree ordering child support was entered in County A, the mother and child(ren) reside in County B, and the father resides in County C, all counties being in Nebraska. It is further assumed that the father's conduct falls within the purview of the statute.
II. APPLICABLE LAW
"Any person who intentionally fails, refuses, or neglects to provide proper support which he or she knows or reasonably should know he or she is legally obliged to provide to a spouse, minor child, minor step child, or other dependant commits criminal nonsupport." Neb.Rev.Stat. § 28-706(1) (Reissue 1989). Nowhere does the foregoing criminal nonsupport statute provide direction as to where the action must be prosecuted.
Before addressing the merits of your question, it is first useful to distinguish between jurisdiction and venue, as the two are often confused. See, e.g., State v. Gorman,232 Neb. 738, 441 N.W.2d 896 (1989). "Jurisdiction is the inherent power or authority to decide a case; venue is the place of trial of an action — the site where the power to adjudicate is to be exercised." Id., at 738,441 N.W.2d at 896 (Syllabus of the Court). As you are concerned with the location at which to prosecute the action, the question is one of venue.
A defendant in a criminal case may waive the issue of a statutorily designated venue by requesting a change of venue in accordance with statute, but a defendant does not waive the venue issue by failing to raise the issue before or during trial. State v. Vejvoda, 231 Neb. 668, 438 N.W.2d 461
(1989). If the defendant has not waived venue in accordance with statute, the State has the burden to prove proper venue beyond a reasonable doubt. Id. Thus, the State cannot rely upon the issue of venue being waived by a defendant's acquiescence to an action being prosecuted at a certain location.
The right to venue in a certain county is secured by statute rather than by the Nebraska Constitution. Id. Generally, all criminal cases must be tried in the county where the offense was committed, unless it appears to the court by affidavits that a fair and impartial trial cannot be had therein. Neb.Rev.Stat. § 29-1301 (Reissue 1989). "If any person shall commit an offense against a person of another, such accused person may be tried in the county in which the offense is committed, or in any county . . . in which an act is done by the accused in instigating, procuring, promoting or aiding in the commission of the offense, or in aiding, abetting, or procuring another to commit such offense." Neb.Rev.Stat. § 29-1301.01 (Reissue 1989). If an offense is committed on a county line, the trial may be in either county divided by the line; if an offense is committed against a person of another and the person committing the offense is in one county and the person receiving the injury is in another county, the trial may be had in either of the counties. Neb.Rev.Stat. §29-1305 (Reissue 1989).
Only four Nebraska cases could be found which involved the issue of venue in the context of a criminal nonsupport action. In Fussell v. State, 102 Neb. 117, 166 N.W. 197
(1918), the district court for Otoe County rendered a decree in a divorce case providing that the defendant should pay the plaintiff, his divorced wife, $10.00 a month, for the support of their minor daughter. The father was later found guilty in the district court for Otoe County of criminal nonsupport. The defendant contended that because his ex-wife had removed to Omaha and he was residing there at the time the prosecution was commenced, Otoe County was not the proper place to try the case. The court rejected this contention, asserting: "We think this contention is without merit. The prosecution was had for a refusal to comply with the order of the district court in the county where the decree was rendered and this fact sufficiently answers this contention." Id. at 122, 166 N.W. at 199.
In Preston v. State, 106 Neb. 848, 184 N.W. 925 (1921), the Supreme Court held that when a husband and wife are still married and the wife moves to another county where she gives birth to her husband's child, the county where the husband remains is the matrimonial domicile and fixes venue for a criminal nonsupport action against the husband. A wrinkle was added to Preston, supra, in Schmidt v. State,110 Neb. 504, 194 N.W. 679 (1923). In Schmidt, supra, the matrimonial domicile had been established in one county, and the husband had sent the wife to another county to reside there until such time as he could find a new home and send for her. A child was born to the wife in the latter county. The husband failed to establish a new home or communicate in any way with her, except to write a letter that he had gone forever. Under those facts, the Supreme Court held that a criminal nonsupport prosecution could be brought in the county where the wife and child resided.
In the context of a habeas corpus proceeding, proper venue for a criminal nonsupport action was at issue in State ex rel. Brito v. Warrick, 176 Neb. 211, 125 N.W.2d 545
(1964). In that case, the husband and wife had lived in Texas where they were divorced and a decree was entered ordering the ex-husband to pay child support. After that, the wife and the children moved to Scotts Bluff County, Nebraska. The father, however, remained in Texas. A criminal nonsupport action was brought in Scotts Bluff County, and the defendant was found guilty and imprisoned there. He then brought a habeas corpus proceeding, contesting the venue of the district court of Scotts Bluff County.
The court phrased the question in Warrick, supra, as follows: "What should be the venue where the father is a nonresident of the State of Nebraska, and the mother who has custody of the children is a resident of this State?" Id. at 214, 125 N.W.2d at 547. In answering that question, the court observed: "Abandonment and desertion involve the commission of an affirmative act at a specific time and place. Nonsupport, however, involves a continuing omission to act wherever the child is located." Id. Drawing upon the policy consideration of protecting children and that distinction, the court then held:
 "As we interpret the statute, it was passed for the purpose of enforcing the natural duties of a father to his minor children. It is for the benefit of the children. It is a duty owing to the children wherever they may be or wherever, in disregard of his parental duty and the obligation inherent therein, the father permits his children to remain without proper support. It is the omission to provide this support which constitutes a violation of the statute. Where the father might be at the time is a matter of no consequence. The omission occurs at the place where the children reside. That is the point at which the father has neglected to provide for their maintenance and where an action should lie."
Id. at 215-16, 125 N.W.2d at 548.
III. ANALYSIS
A criminal nonsupport action could arguably be prosecuted in the county where the divorce decree was entered, the county where the mother and child(ren) reside, or the county where the father resides. Venue is not necessarily restricted to only one county. See, e.g., Hurlburt v. State, 52 Neb. 428, 72 N.W. 471 (1897); State v. Gascoigen,191 Neb. 15, 213 N.W.2d 452 (1973); § 29-1301.01,29-1305.
A. County Where Divorce Decree Entered
A county attorney who wished to prosecute a criminal nonsupport action in the county where the divorce decree was entered could simply rely on Fussell, supra, the case most factually similar to the one at hand. However, the court stated in Warrick, supra, that for a resident of the State of Nebraska, the county which is the matrimonial domicile fixes the venue and that as between counties in Nebraska, there was ample reason for the rule. Nonetheless, that statement only makes sense in cases where the parties are still married. Obviously, where a divorce decree has been entered, there can no longer be a matrimonial domicile. On the other hand, it could be argued that when the parties have been divorced, the closest thing to a matrimonial domicile would be the county where the divorce decree was entered. As a further basis for distinguishing Warrick, supra, there was simply no reason in that case for the court to explore whether a criminal nonsupport action could be prosecuted in another county where the divorce decree was entered in Nebraska and where both the ex-husband and ex-wife were Nebraska residents.
B. County Where Mother and Child(ren) Reside
Based upon Warrick, supra, an action could be brought in the county where the mother and child(ren) reside. While there is language in Warrick, supra, which seems to restrict it to the situation where the father lives out of state, there is no logical reason to limit it so. In stating that matrimonial domicile fixes the venue where the parties are residents of the State of Nebraska, the court in Warrick, supra, relied on cases where the parties were not divorced. The Warrick court concluded that the father's omission occurs at the place where the child(ren) reside(s) and that is the place which fixes venue. This conclusion was bolstered by the fact that the state has a compelling interest in protecting the welfare of the children. Based upon that policy and reasoning, it would seem to make little difference if the father resides within or without the boundaries of Nebraska.
C. County Where Father Resides
Perhaps the least compelling argument can be made that the criminal nonsupport action could be prosecuted in the county where the father resides. Two cases can be cited in support of this proposition. In Wickersham v. State,218 Neb. 175, 354 N.W.2d 134 (1984), a rancher brought an action against the state under the State Tort Claims Act, alleging negligence by the state in failing to notify him that the state had detected Brucellosis in cattle that he had purchased. In pertinent part, the State Tort Claims Act provided that suits were to be brought in the district court of the county in which the act or omission complained of occurred. The action was brought in the district court of Lancaster County, not in Sioux County where the rancher resided. The issue was one of venue, and the court asserted that the answer to the question lay in the definition of the word "occur." The court held that the county in which the act or omission occurred meant the site where the wrongful conduct actually took place, not where the results of wrongful conduct were manifested. Therefore, venue in Lancaster County was proper. Although the general venue statute, § 29-1301, limits venue to where the offense was committed and the tort claims statute provides that the action is to be brought in the county of occurrence, there seems to be no real distinction between an occurrence or a commission for purposes of the instant issue.
Venue for an omission was again at issue in State v. Gascoigen, 191 Neb. 15, 213 N.W.2d 452 (1973). In that case, an inmate of the Nebraska Penal and Correctional Complex was granted a furlough in Douglas County and failed to return at the conclusion of his furlough. He was found guilty in the district court of Lancaster County of willful failure to return to custody. The defendant asserted on appeal that the district court for Douglas County, not Lancaster County, was the proper place for the action to be prosecuted. The court disagreed and held:
 "The argument assumes that a crime must be an act of commission and that the acts of the defendant were committed in Omaha, Douglas County. This overlooks the fact that a crime may be either an act or an omission. In this case the defendant failed to perform his duty to return to the penal complex in Lincoln, Lancaster County, and venue was clearly in Lancaster County. Arguably it may have been in Douglas County also."
Id. at 20, 213 N.W.2d at 455-56 (Citation omitted).
Applying those two cases to the facts at hand, as the omission occurs in the county where the father resides, that would be the county to fix venue. It should be noted that this, however, runs counter to the holding in Warrick, supra, that the omission occurs at the place where the effects of the failure to support are felt, which would be the county where the mother and child(ren) reside. The counterargument is that to disallow venue in the county where the father resides is contrary to the policy expressed in Warrick, supra, that the state has a compelling interest in protecting (a) resident minor child(ren). Further support for the proposition that venue is proper in the county where the father resides can be drawn from § 29-1305 which provides, as recalled, that where an offense is committed against the person of another and the person committing the offense is in one county and the person receiving the injury is in another, the trial may be had in either of the counties.
Respectfully submitted,
DON STENBERG Attorney General
William L. Howland Assistant Attorney General
APPROVED BY:
____________________________ Don Stenberg Attorney General