DECISION AND JOURNAL ENTRY
Appellant-defendant Devon Wilkerson appeals from his conviction in the Lorain County Court of Common Pleas. This Court affirms.
On July 15, 1997, the Lorain County Grand Jury issued a two-count indictment against Wilkerson. Count one of the indictment charged Wilkerson with complicity to possession of marijuana, a third-degree felony violation of R.C. 2923.03(A)(1) and 2925.11(A), and count two of the indictment charged Wilkerson with complicity to possession of cocaine, a first-degree felony violation of R.C. 2923.03(A)(1) and 2925.11(A). Wilkerson pleaded not guilty to the charges against him.
The matter proceeded to a bench trial conducted on August 31 and September 1, 1998. The day after the trial had concluded, the state moved to amend both counts of the indictment by adding the weight of each drug involved. On September 3, 1998, the trial court granted the motion to amend over Wilkerson's objection and proceeded to find Wilkerson guilty of both counts. Wilkerson was sentenced to three years incarceration in the Lorain Correctional Institution with a fine of $5,000 on count one and to nine years incarceration with a fine of $10,000 on count two, with the terms of incarceration to run concurrently. Additionally, Wilkerson's driver's license was suspended for three years, he was ordered to pay the costs of the prosecution, and he will be subject to up to five years post-release control.
Wilkerson timely appeals, asserting one assignment of error:
 The trial court committed prejudicial error by permitting the state to amend the indictment herein to enhance the degree of seriousness of the offenses and to increase the applicable penalties.
On appeal, Wilkerson concedes both that counts one and two of the July 15, 1997 indictment are sufficient to charge the offense of complicity and that both counts were supported by the evidence. Wilkerson argues, however, that neither count as set forth in the indictment sufficiently charged the degree of felonies of which he was convicted. Because there are two separate ways in which a defendant could be charged with a third-degree felony for possession of marijuana and two separate ways in which a defendant could be charged with a first-degree felony for possession of cocaine, Wilkerson contends that the indictment as worded was insufficient to charge possession of marijuana and possession of cocaine as a third-degree felony and a first-degree felony, respectively. Therefore, Wilkerson concludes, he was charged with two offenses, but then convicted of two other, greater offenses.
This Court disagrees. Wilkerson was charged under R.C.2923.03(A)(1), which provides:
 No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
* * * Solicit or procure another to commit the offense[.]
R.C. 2923.03(F) provides that "[w]hoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." Therefore, Wilkerson was to be prosecuted and punished as if he were a principal offender who had violated R.C. 2925.11(A). R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
The penalties for a violation of this section depend upon the amount of the controlled substance involved in the offense. Under R.C. 2925.11(C)(3)(d) and (e), possession of marijuana is a third-degree felony only if the amount of marijuana involved either exceeds one thousand grams but is less than five thousand grams, or exceeds five thousand grams but is less than twenty thousand grams. Similarly, under R.C. 2925.11(C)(4)(e) and (f), possession of powdered cocaine is a first-degree felony only if the amount of cocaine involved exceeds five hundred grams but is less than one thousand grams, or exceeds one thousand grams. In order for Wilkerson to be convicted of third-degree and first-degree felonies, then, the state had to prove that the amount of the respective controlled substances involved fell within the foregoing statutory ranges.
The original indictment, however, did not specify any amount in either count charged. Count one of the July 15, 1997 indictment read:
 [Devon Wilkerson,] on or about May 28, 1997, did, knowingly act with the kind of culpability required for the commission of an offense, solicit or procure [two named individuals] to commit an offense, to wit: Possession of Marijuana, in violation of Section 2923.03(A)(1) of the Ohio Revised Code, a Felony in the Third Degree, contrary to the form of the statute in such case made and provided * * *.
Count two of the indictment read:
 [Devon Wilkerson,] on or about May 28, 1997, did, knowingly act with the kind of culpability required for the commission of an offense, solicit or procure [two named individuals] to commit an offense, to wit: Possession of Cocaine, in violation of section 2923.03(A)(1) of the Ohio Revised Code, a Felony in the First Degree, contrary to the form of the statute in such case made and provided * * *.
As noted, the state filed a post-trial motion to amend the indictment on September 2, 1998. The following day, the trial court granted the motion. The transcript of proceedings indicates that the trial court explained:
 [T]his Court will grant the State's Motion to amend the indictment to include the phraseology in Counts One and Count
 Two [sic] stating that the amount of marijuana in Count One was greater than 5,000 grams but less than 20,000 grams, and that in Count Two, the amount of cocaine was more than 500 grams but less than 1,000 grams.
 Independent of that, even if the Court were not to grant the Motion to amend the indictment, it's this Court's opinion that the indictment was legally sufficient to establish a charge of complicity to possession of marijuana, a felony of the third degree, and complicity to possession of cocaine, a felony of the first degree.
The underlying rationale behind a trial court's granting such a motion to amend comports with this Court's precedent. This Court has previously explained that, "when the presence of an additional element increases the seriousness of an offense, the indictment must state either the degree of the alleged offense or specify the additional element itself." State v. Hall (July 24, 1996), Summit App. Nos. 17315 and 17390, unreported, citing R.C. 2945.75(A)(1). In the instant case, the indictment clearly indicated that count one was a third-degree felony and that count two was a first-degree felony. Therefore, the trial court was correct in opining that, even without amendment, the indictment was legally sufficient to establish the correct degree of each charge.
Additionally, the trial court allowed the state to amend the indictment after trial. Crim.R. 7(D) provides that "[t]he court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance * * * provided no charge is made in the name or identity of the crime charged." (Emphasis added.) The amendment to the July 15, 1997 indictment did not run afoul of Crim.R. 7(D). Although Wilkerson relies upon State v. Headley (1983), 6 Ohio St.3d 475, and similar cases, this authority is inapplicable to Wilkerson's situation. In Headley, for example, the amendment created a situation in which an entirely new offense was being charged. Id. at 479 (holding that the amendment of an indictment to state the controlled substance involved was improper when doing so changed the identity of the crime from trafficking in drugs to aggravated trafficking in drugs under R.C. 2925.03). Such is not the situation here, where the addition of the specific amounts of controlled substances involved neither changed the penalty nor the degree of the offenses charged. See State v. O'Brien (1987),30 Ohio St.3d 122, 126. As in Hall, "[t]he amendment merely added the additional element which made the offense a felony and did not alter `the identity of the crime charged.'" Hall, supra. See, also, State v. Goler (Feb. 7, 1996), Summit App. No. 17372, unreported. Although the amendment served to clarify what specific statutory subsection was involved, the name and identity of the crimes charged remained the same, consistent with the wording of the indictment. See State v. Smith (1983), 14 Ohio App.3d 366,369, 370.
Accordingly, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR FOR THE COURT BAIRD, P.J.
BATCHELDER, J. CONCUR