THE STATE OF OHIO, APPELLEE, *v.* SMITH, A.K.A. JOHNSON, APPELLANT.

(No. CA83-03-004—Decided December 30, 1983.)

Mr. R. David Picken, prosecuting attorney, and *Mr. Glenn Hamilton,* for appellee.

Mr. Ben A. Rainsberger, for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County.

On October 22, 1982, appellant, Raymond G. Smith, was indicted by the Madison County Grand Jury, as follows:

"* * * on or about the 17th day of October 1982, at Madison County, Ohio, Raymond G. Smith, aka Raymond G. Johnson, did knowingly aid or abet David Dillon in committing a violation of Section 2925.03 of the Revised Code, to wit: Trafficking in Marijuana, * * *."

On November 1, 1982, appellant made a motion to dismiss the indictment on the grounds that it failed to state all the elements of the offense with which appellant was charged, specifically, the amount of marijuana. On November 10, 1982, appellant filed a motion for a bill of particulars.

On November 19, 1982, the grand jury indicted appellant on another charge, as follows:

"* * * on or about the 22 day of October 1982, at Madison County, Ohio, Raymond G. Smith aka Raymond G. Johnson did, [*sic*] knowingly, aid or abet Daniel Wood in committing a violation of Section 2925.03 of the Ohio Revised

Code, to-wit: Trafficking [*sic*] in Marijiuana [*sic*], * * *."

On November 30, 1982, appellant again filed a motion to dismiss for failure to specify the amount of marijuana and a motion requesting a bill of particulars.

On December 15, 1982, the state provided a bill of particulars for each indictment. The state set forth the amount of the marijuana sold by each principal to an undercover agent and the facts surrounding the principal's and appellant's transactions with the undercover agent.

On January 7, 1983, the state filed a motion to amend the October 22 and November 19 indictments, respectively, as follows:

"knowingly aid or abet David Dillon in committing a violation of Section 2925.03 of the Revised Code, to wit: knowingly sell or offer to sell marijuana, a schedule I controlled substance, in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount, to-wit: 445.3 grams."

"did knowingly, aid or abet Daniel Wood in committing a violation of Section 2925.03 of the Ohio Revised Code, to-wit: knowingly, sell or offer to sell marijuana, a schedule one (1) controlled substance, in an amount equal to or exceeding three times the bulk amount."

The trial court permitted the amendments and overruled appellant's motions to dismiss. The charges were severed for trial. On February 2, 1983, the charge set forth in the November 19, 1982 indictment was tried to a jury and appellant was convicted of complicity in trafficking in marijuana in violation of R.C. 2925.03(A)(7). The trial court sentenced appellant to "* * * an indeterminate term of not less than five years nor more than 15 years in the penitentiary with actual incarceration of six months * * *."

After the conviction of the charge in the November 19, 1982 indictment, appellant entered a change of plea to the charge in the October 22, 1982 indictment. Appellant pleaded no contest to the indictment and reasserted his objection to the state's amendment of the indictment. The trial court overruled the objection and found appellant guilty. The trial court sentenced appellant to "* * * an indeterminate sentence of not less than three (3) nor more than ten (10) years in the penitentiary." The two sentences were to run concurrently.

Appellant brings a timely appeal to this court.

The sole assignment of error presented by appellant is as follows:

"The court below erred in allowing the amendments to the indictments. The Court below further erred by imposing improper penalties in these cases."

Appellant argues that the amount of marijuana involved is a necessary element of complicity in trafficking in marijuana because the amount involved determines the degree of the crime. He further argues that because the weight or amount is an essential element, the amendment changed the identity or name of the crime, which is prohibited by Crim. R. 7(D). Appellant does not present any other argument regarding an error in the indictments.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling* v. *United States* (1974), 418 U.S. 87, 117. See, also, *United States* v. *Seelig* (C.A.6, 1980), 622 F.2d 207, certiorari denied (1980), 449 U.S. 869.

Crim. R. 7(D) states, in pertinent part, as follows:

"Amendment of indictment, information or complaint. The court may at any time before, during, or after a trial

amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided *no change is made in the name or identity of the crime charged.* * * *'' (Emphasis added.)

R.C. 2941.05 states:

"In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged."

See, also, *Clinger* v. *Maxwell* (1964), 175 Ohio St. 540 [26 O.O.2d 219], and *State* v. *Burgun* (1976), 49 Ohio App. 2d 112 [3 O.O.3d 177].

Crim. R. 33(E)(1) states, in pertinent part:

"Invalid grounds for new trial. No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"(1) An inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him."

R.C. 2945.83(A) is substantially similar to Crim. R. 33(E)(1).

Crim. R. 7(D) and 33(E)(1), R.C. 2945.83 and 2941.05, read *in pari materia,* state that an indictment is not defective if it is sufficient to fairly and reasonably inform the accused of the charge against him. The name or identity of the crime must be stated in the indictment, and may not be supplemented or altered at a later date.

The offense with which appellant was charged was aiding and abetting trafficking in marijuana. R.C. 2923.03 governs the complicity offense and reads, in part, as follows:

"(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

Aiding and abetting is a substantive and independent offense. "[A]iders and abettors may be prosecuted and convicted as principals without the trial or conviction of the principal offender." *State* v. *Graven* (1977), 52 Ohio St. 2d 112, 115-116 [6 O.O.3d 334].

Accordingly, the question before this court is whether in a complicity indictment the addition of the amount sold or offered to be sold by the principal constitutes a change in the name or identity of the crime charged.

The Ohio Supreme Court in *State* v. *Headley* (1983), 6 Ohio St. 3d 475, held that the omission of the *type* of drug involved cannot be cured by an amendment. The court in *Headley* at 479 stated that:

"* * * Under R.C. 2925.03(C), the offense is *aggravated* trafficking if the substance involved is a Schedule I drug, with the exception of marijuana, or a Schedule II drug. Under R.C. 2925. 03(D), if the substance involved is a Schedule III, IV or V drug, the offense is the *lesser one* of trafficking in drugs." (Emphasis added.)

The court further stated that:

"* * * [I]t is evident that R.C. 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance in-

volved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged." *Id.* at 479.

The court concluded that failure to state the controlled substance involved "was a fatal defect which was not curable by amendment." *Id.* Therefore, pursuant to the court's rationale in *Headley*, aggravated trafficking and trafficking are different criminal offenses.[1]

Although we agree with the rationale and holding in *Headley*, we do not believe that *Headley* requires us to find that an indictment that omits the amount of drugs sold or offered to be sold by the principal offender is fatally defective. The case at bar deals with the amount of a specified drug, not the type of drug involved.

Whether a defendant is charged with aggravated trafficking or trafficking depends solely upon the *type* of drug involved, never the *amount*. R.C. 2925.03(C), (D) and (E). The penalties to be imposed for aggravated trafficking are set forth in R.C. 2925.03(C). The penalties for trafficking are set forth in R.C. 2925.03(D) and (E). The penalty or degree of the offense depends upon the amount involved.

R.C. 2925.03(E) specifically states that "[i]f the drug involved is marihuana, whoever violates this section is guilty of *trafficking* in marihuana." (Emphasis added.) The sale or offer to sell of *any* amount of marijuana always constitutes trafficking. R.C. 2925.03(A)(1), (5), (7), and (E). Under R.C. 2925.03(E), the penalties for selling or offering to sell marijuana vary depending upon the amount involved, *i.e.,* three times bulk amount or more is a felony of the second degree with the imposition of six months' actual incarceration, and less than bulk amount is a felony of the fourth degree.[2]

Clearly, the amount of marijuana involved does not create a separate and distinct offense. The indictment complained of set forth the controlled substance involved, *i.e.,* marijuana. The offense was trafficking. All that remained to be decided was the degree of the felony.

The court in *Headley*, at 479, stated that "[t]he severity of the offense is dependent upon the type of drug involved." We interpret said statement in the context of the sentences immediately following it in which the court sets forth the offenses of aggravated trafficking and trafficking. We must therefore conclude that the degree of the offense or severity of the *penalty* does not necessarily control the question of a change in the name or identity of the crime or whether a material element has been omitted.

R.C. 2945.75 does not support appellant's contention that the degree of the offense is a material element. In fact, R.C. 2945.75 supports the proposition that the degree is not a material element; it indicates that the indictment is effective, but only to a limited degree.

---

[1] The Summit County Court of Appeals in the *Headley* case based its decision that the omission was a fatal defect on the premise that "trafficking and aggravated trafficking are separate and distinct offenses." *State* v. *Headley* (Apr. 28, 1982), Summit App. No. 10485, unreported. See, also, *State* v. *Geriak* (Dec. 21, 1977), Summit App. No. 8524, unreported.

[2] Appellant argues that the most he could be charged with under R.C. 2925.03(E) is a minor misdemeanor. R.C. 2925.03(E)(5) states that a *gift* of twenty grams constitutes a minor misdemeanor. Appellant does not argue that he aided and abetted the principal in making a gift instead of a sale or an offer to sell marijuana. A sale or offer to sell are the acts involved.

R.C. 2945.75 states, in pertinent part, as follows:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense."

The statute above merely states the consequences of omitting an additional element that determines the degree of the offense. The consequences are an entirely separate matter from the question of the identity or name of the crime under Crim. R. 7(D).

Appellant cites *State* v. *Yanowitz* (1980), 67 Ohio App. 2d 141 [21 O.O.3d 445], as authority for his proposition that the amount involved is a necessary element. *Yanowitz* is not similar to the case at bar because it involved the trafficking offense of possession under R.C. 2925.03(A)(6). Possession of *at least bulk amount* is the conduct necessary to constitute the offense of trafficking as applied to possession. R.C. 2925.03 (A)(4). The case at bar involves the trafficking offense of a sale or offer to sell. The sale or offer to sell of *any* amount of marijuana is the conduct necessary to constitute a trafficking offense. The amount involved is immaterial as to whether the conduct of a sale or an offer to sell constitutes a trafficking offense.

We conclude that amending appellant's complicity indictment to include the amount sold or offered to be sold by the principal does not constitute a change in the name or identity of the crime. Therefore, the trial court did not err in permitting the amendments, and properly sentenced appellant pursuant to the amended indictments. The sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

RINGLAND, J., dissents.

RINGLAND, J., of the Court of Common Pleas of Clermont County, sitting by assignment in the Twelfth Appellate District.

RINGLAND, J., dissenting. I must respectfully dissent from the majority opinion. The proposed amendments to the indictments as they occurred are contrary to statute, the revised rules, case law, and the Ohio Constitution as more fully set forth below. While Crim. R. 7(D) permits amendments to indictments that do not change the name or identity of the crime, it is clear that these amendments in the indictments change the identity of the crimes.

R.C. 2945.75 states in part:

"(A) When the presence of one or more *additional elements* makes an offense one of more serious degree:

"(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such *additional element* or elements. * * *" (Emphasis added.)

The legislature by the very nature of R.C. 2945.75(A)(1) indicates that the degree of the offense is an element of the crime. When read *in pari materia* with Crim. R. 7(D), which requires the indictment to contain all elements of the offense, it is quite clear that the amount of the marijuana is an element necessary to be included in the indictment. Ohio

courts have held in the past that if a vital, material, identifying or characterizing element is not included in an indictment, an amendment cannot cure the indictment's insufficiency. *Harris* v. *State* (1932), 125 Ohio St. 257; *State* v. *Headley* (1983), 6 Ohio St. 3d 475. In *Headley* the type of drug was omitted. The court held at 479:

"* * * The severity of the offense is dependent upon the type of drug involved. * * *

"Under this analysis, it is evident that R.C. 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, * * *."

The same rationale in *Headley, supra,* applies to the case at hand and would extend to the degree of the offense in this case. The defendant was originally indicted on a charge of complicity to trafficking in marijuana under R.C. 2925.03. Here the severity of the crime is determined by the amount of controlled substance and is an essential element to the indictment, since there are any number of offenses with which he could be charged under R.C. 2925.03, ranging from a minor misdemeanor to a felony of the second degree.

Pennsylvania Crim. R. 220 is Pennsylvania's counterpart to Crim. R. 7(D) and provides that an amendment to an indictment is permissible so long as it does not charge an additional or different offense. It is quite similar to Crim. R. 7(D). In Pennsylvania the grade of a charged offense is an essential element of the crime and must be set forth in the indictment. *Commonwealth* v. *Pletcher* (1974), 29 Somerset Legal J. 29.

In Ohio, an amendment of the indictment changing the indictment from "knowingly cause physical harm" to "knowingly cause serious physical harm" heightens the degree or grade of the crime charged and alters an essential element of substance in an indictment and therefore it is an impermissible amendment under Crim. R. 7(D). *State* v. *Johnson* (Nov. 29, 1982) Hamilton App. No. C-810925, unreported. The state's contention that any error involves notice only and is cured by a bill of particulars has been rejected in the past. When an indictment fails to provide an essential element of the offense, a bill of particulars does not correct the insufficiency of the indictment. *Campfield* v. *State* (1950), 91 Ohio App. 74 [48 O.O. 244]; *State* v. *Lisbon Sales Book Co.* (1964), 176 Ohio St. 482 [27 O.O.2d 443], certiorari denied (1965), 379 U.S. 673.

Perhaps most persuasive is the constitutional argument. Section 10, Article I of the Ohio Constitution provides that "* * * no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury * * *." Despite its obscure beginnings, the grand jury is firmly implanted in American jurisprudence as an institution vital to preventing potential tyrannical abuse of prosecutorial power. From its early inception in England (circa 1164) under the Constitution of Clarendon, the grand jury has been the established procedure by which criminal prosecutions were instigated for felonies. While initially it was a body provided to bring accusations and assist the crown, it gradually shifted its function to one of protection against unfounded accusations and oppression during the reign of King Charles II (circa 1681). Initially in colonial America the grand jury was an instrument of the government in power; it became a safeguard against unfounded criminal charges being brought. The history of early America is replete

with grand juries which refused to succumb to the pressure of the executive branch, be it president, governor, justice department, attorney general or prosecuting attorney. The Ohio Legislature intended the grand jury to continue as a safeguard from historical abuse by the above.

Where an indictment is defective, it cannot be cured by the court; such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury. *Harris* v. *State, supra; State* v. *Wozniak* (1961), 172 Ohio St. 517, 520 [18 O.O.2d 58]; *State* v. *Headley, supra.*

Therefore, I would find that permitting the amendments to the indictments is contrary to Crim. R. 7(D); R.C. 2945.75(A)(1); Section 10, Article I of the Ohio Constitution; *State* v. *Headley, supra;* and *State* v. *Wozniak, supra.*