OPINION
{¶ 1} Defendant, J.W., Jr., appeals from his conviction and sentenceas a juvenile for the offense of Importuning, R.C. 2907.07(A).
 {¶ 2} On September 21, 2003, a ten year old boy, the victim in thiscase, was at a youth football game at a public park in Piqua. When theboy walked to the public lavatory he encountered J.W., a fourteen yearold male, and two friends loitering by the men's room door. At trial, theboy testified that J.W. "asked me if I had a big mouth and I said no. Andthen he said will you suck my dick." (T. 7).
 {¶ 3} The victim reported J.W.'s statements to his father, who askedthe Defendant to leave the park. When J.W. refused, the father called thepolice and sought the aid of Piqua Police Chief Phillip Potter, whohappened to be at the park. Chief Potter confronted the Defendant and ascuffle ensued. The Defendant was arrested and charged with Importuning,R.C. 2907.07(A), Assault, and Resisting Arrest.
 {¶ 4} The Defendant pled guilty to the assault and resisting arrestcharges. The Juvenile Division of the court of common pleas held anadjudicatory hearing on the remaining charge of Importuning. Afterhearing testimony from the victim, his father, and Chief Potter, thecourt overruled the Defendant's Crim. R. 29 motion for acquittal andfound him guilty of importuning. The Defendant appeals from thatjudgment.
 FIRST ASSIGNMENT OF ERROR {¶ 5} "The trial court erred in not granting the defendant's motionfor a judgment of acquittal."
 SECOND ASSIGNMENT OF ERROR {¶ 6} "The trial court erred in determining that it was thedefendant's burden to prove the defendant's intent."
 THIRD ASSIGNMENT OF ERROR {¶ 7} "The trial court erred in its decision, as there wasinsufficient evidence to support the finding of guilt to the charge ofimportuning."
 {¶ 8} The State presented no evidence to prove that Defendant haduttered the remark that forms the basis of his Importuning convictionexcept the testimony of the ten-year old victim. Defendant presented noevidence at all. Chief Potter testified that the words "suck my dick" areoften employed as a derogatory reference without any actual intent toengage in sex.
 {¶ 9} At the conclusion of the evidence the Juvenile Court stated:"The Court is going to find the victim in this case believed he was beingsolicited for sex. I don't know if that's what Defendant intended, butwhen the defendant put on no testimony for the court to conclude anythingelse and * * * there were other witnesses available, the court has noother choice than to conclude that the State has proven the case beyond areasonable doubt." (T. 58).
 {¶ 10} The offense of Importuning of which Defendant was convicted isdefined by R.C. 2907.07(A), which states: "No person shall solicit aperson who is less than thirteen years of age to engage in sexual activitywith the offender, whether or not the offender knows the age of suchperson." Unlike the version of the offense defined in division (B) of thesame section, the reaction or belief of the victim is not an element ofan R.C. 2907.07(A) violation.
 {¶ 11} Defendant-Appellant seizes on the court's remark that it didnot know whether he actually intended to solicit sex, arguing that thecourt erred in denying his Crim.R. 29 motion and entering a judgment ofconviction for Importuning because there was not sufficient evidence ofhis intent, as the court's remark demonstrates.
 {¶ 12} R.C. 2901.21(A) provides that "[e]xcept as provided in division(B) of this section, a person is not guilty of an offense unless both ofthe following apply:
 {¶ 13} "(1) The person's liability is based on conduct that includeseither a voluntary act, or an omission to perform an act or duty that theperson is capable of performing:
 {¶ 14} "(2) The person has the requisite degree of culpabilityfor each element as to which a culpable mental state is specifiedby the section defining the offense."
 {¶ 15} Culpable Mental States are defined by R.C. 2901.22(A)-(E).Division (B) of R.C. 2901.21 provides:
 {¶ 16} "When the section defining an offense does not specify anydegree of culpability, and plainly indicates a purpose to impose strictcriminal liability for the conduct described in the section, thenculpability is not required for a person to be guilty of the offense.When the section neither specifies culpability nor plainly indicates apurpose to impose strict liability, recklessness is sufficient culpabilityto commit the offense."
 {¶ 17} "Recklessness" is defined by R.C. 2901.22(C), which states:
 {¶ 18} "A person acts recklessly when, with heedless indifference tothe consequences, he perversely disregards a known risk that his conductis likely to cause a certain result or is likely to be of a certainnature. A person is reckless with respect to circumstances when, withheedless indifference to the consequences, he perversely disregards aknown risk that such circumstances are likely to exist."
 {¶ 19} R.C. 2907.07(A) specifies no degree of culpability. Neitherdoes it plainly indicate a purpose to impose strict criminal liability,except with respect to the perpetrator's knowledge of the victim's age.Therefore, in order to be sufficient to prove criminal liability for analleged R.C. 2907.07(A) violation, the evidence must demonstrate that theconduct which the alleged solicitation for sex involved was performedrecklessly, as that is defined by R.C. 2901.22(C).
 {¶ 20} In order to find that the Defendant acted recklessly, the trierof fact must have been able to find, beyond a reasonable doubt, that whenthe Defendant made the remark to the ten-year old victim the Defendantacted with a perverse disregard that his conduct was likely to cause acertain result. In this instance, that result is a solicitation to engagein oral sex. Whether he actually intended to solicit oral sex or thevictim believed that he'd been solicited is immaterial.
 {¶ 21} Crim R. 29(A) provides that the trial court "shall order the entry of judgment of acquittal of one or more offenses charged . . . if the evidence is insufficient to sustain a conviction." "Sufficiency" of the evidence is a test of legal adequacy; whether the evidence is adequate to allow the case to go to the trier-of-fact. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52.
 {¶ 22} Our standard of review for a denial of a Crim. R. 29 motion is the same as that for the sufficiency of the evidence. State v. Bridgeman
(1978), 55 Ohio St.2d 261, 264. To reverse a conviction for insufficient evidence, we must find that no rational trier of fact could have found that the evidence proved the material elements of the crime alleged beyond a reasonable doubt. Thompkins, supra at 389. We have held that, when reviewing a Crim. R. 29(A) motion, that evidence must be viewed in a light most favorable to the state. State v. Pulaski (2003),154 Ohio App.3d 301, 310, 2003-Ohio-4847.
 {¶ 23} The trial court overruled the defendant's Crim. R. 29(A) motion for acquittal. Viewed in a light most favorable to the prosecution, the victim's testimony about the Defendant's request for oral sex, which the court found "credible and believable," has sufficient probative value for a trier-of-fact to find the Defendant guilty beyond a reasonable doubt.Pulaski, supra. A rational trier-of-fact could find the evidence proved the material elements of the crime beyond a reasonable doubt, and the trial court therefore properly denied the Defendant's motion. Defendant's first assignment of error is overruled.
{¶ 24} R.C. 2901.05(A) provides that "[a] person accused of an offenseis presumed innocent until proven guilty beyond a reasonable doubt, andthe burden of proof for all elements of the offense is upon theprosecution." In his second assignment of error, Defendant argues that thecourt's statement concerning his failure to present any contrary evidencefrom other witnesses who were available indicates that it improperlyshifted the burden of proof to him to demonstrate a lack of intent.
 {¶ 25} Absence of evidence is not positive proof, but it can permitinferences that otherwise might be rebutted. The court's statement seemsto indicate that, absent evidence that Defendant was not serious, it hadno choice except to infer that he meant what he said. That is notshifting the burden of proof. In any event, those considerations areirrelevant to the recklessness standard, which involves the objectivefacts and circumstances of the accused's conduct. The second assignmentof error is overruled.
 {¶ 26} In his third assignment of error, Defendant argues that the evidence was insufficient as a matter of law to prove the alleged offense of Importuning. We previously discussed that standard, as defined byState v. Thompkins, in connection with the first assignment of error. We find here, for the same reasons, that the evidence was legally sufficient to support a conviction. The third assignment of error is overruled.
{¶ 27} The judgment of the trial court will be affirmed.
 Fain, P.J. and Wolff, J., concur.