**The STATE of Ohio, Appellee,**

v.

**FAIRBANKS, Appellant.**

[Cite as *State v. Fairbanks*, 172 Ohio App.3d 766, 2007-Ohio-4117.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA2006–04–016.

Decided Aug. 13, 2007.

David B. Bender, Fayette County Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.

---

WALSH, Judge.

{¶ 1} Defendant-appellant, Wayne A. Fairbanks, appeals his conviction from the Fayette County Court of Common Pleas for intimidation of a witness.

{¶ 2} Appellant was charged with two counts of R.C. 2921.04, "Intimidation," after he was accused of brandishing a gun as he warned two individuals not to implicate him in the police investigation of a check-writing scheme.

{¶ 3} Douglas Bartram Jr. and his girlfriend, Jennifer Browning, were under investigation by law enforcement for allegedly writing checks on the bank account of a third person without that person's permission. Reportedly some, if not all, of the checks were cashed at a business where Bartram worked and appellant's wife was a manager. Bartram and Browning were also acquainted with appellant because they had been living on and off with appellant and his family.

{¶ 4} Bartram and Browning testified at trial that they had stopped by appellant's home in March 2005 and told him that the police had "caught" them for the check-writing scheme and that they were talking with law enforcement. Both indicated that appellant had waved a small handgun around and had threatened them. Bartram testified that appellant told them that if they "snitched," they would be shot. Browning indicated that appellant told her that no one "better tell on him," and he pushed her out the door.

{¶ 5} Appellant was indicted on two counts of intimidation. The caption portion of the indictment indicated: "INDICTMENT CHARGING: INTIMI-DATION OF A WITNESS, in violation of O.R.C. § 2921.04(B), two counts, each a felony of the third degree." The text or body of each count of the indictment reads as follows:

{¶ 6} "On or about March 8, 2005, and in Fayette County, Ohio, the Defendant did knowingly attempt to influence, intimidate or hinder [Bartram and Browning], a witness involved in a criminal action or proceeding in discharge of the duties of the witness, in violation of Section 2921.04 of the Revised Code."

{¶ 7} R.C. 2921.04(B), the felony subsection of the statute, states: "No person, knowingly and by force or unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the * * * witness involved in a criminal action or proceeding in the discharge of the duties of the * * * witness." Violation of subsection (B) is a felony of the third degree.

{¶ 8} R.C. 2921.04(A) states: "No person shall knowingly attempt to intimidate or hinder the * * * witness involved in a criminal action or proceeding in the discharge of the duties of the witness." Violation of subsection (A) is a misde-meanor of the first degree.

{¶ 9} Before opening statements to the jury on the day of trial, the state asked to amend the indictment to include the "force or unlawful threat of harm" language. The state also asked to amend the bill of particulars to reflect the same language change.[1] Appellant's objection was noted for the record, but the actual objection was not made part of the record. The trial court granted the

---

1. The trial court noted that a bill of particulars was not located in the case file. Both counsel and the trial judge discussed on the record a bill of particulars that the state asserted it had previously provided to appellant. No bill of particulars was provided to this court.

motion to amend, finding that the information provided to appellant during discovery would have informed him that force or unlawful threat of harm was at issue. The record does not show that appellant raised any further objection or moved for a mistrial.

{¶ 10} The trial proceeded, and appellant was convicted of both felony charges. Appellant now presents three assignments of error on appeal for our review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} "The trial court abused its discretion by permitting an amendment to the indictment and to the bill of particulars on the morning of the trial."

{¶ 13} Section 10, Article I of the Ohio Constitution states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury."

{¶ 14} This provision in the Ohio Constitution ensures the accused that the essential facts constituting the offense for which he is on trial will be found in the indictment issued by the grand jury. *State v. Kittle,* Athens App. No. 04CA41, 2005-Ohio-3198, 2005 WL 1491997, ¶ 10, citing *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716.

{¶ 15} An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States* (1974), 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590.

{¶ 16} Crim.R. 7(D) states: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.* If any amendment is made to the substance of the indictment * * * the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial * * *." (Emphasis added.)

{¶ 17} An amendment to the indictment that changes the name or identity of the crime is unlawful whether or not the defendant was granted a continuance to prepare for trial; further, a defendant need not demonstrate that he suffered any prejudice as a result of the forbidden amendment. *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 67, 519 N.E.2d 846. A trial court commits

reversible error when it permits an amendment that changes the name or identity of the crime charged. *State v. Kittle*, 2005-Ohio-3198, 2005 WL 1491997, at ¶ 12; *State v. Headley*, 6 Ohio St.3d at 478–479, 6 OBR 526, 453 N.E.2d 716.

{¶ 18} It appears that a determination of what constitutes a change in the name or identity of the crime can prove problematical. See, e.g., *State v. Davis*, Highland App. No. 06CA26, 2007-Ohio-2249, 2007 WL 1376934, ¶ 16.

{¶ 19} Under Crim.R. 7(D), a change in the name or identity of the charged crime occurs when an indictment is amended so that the offense alleged in the original indictment and the offense alleged in the amended indictment contain different elements requiring independent proof. *State v. Dukes*, Allen App. Nos. 1–02–64, 1–02–92, and 1–02–93, 2003-Ohio-2386, 2003 WL 21057285, ¶ 10; see, also, *State v. Corrill* (1999), 133 Ohio App.3d 550, 729 N.E.2d 403 (when two offenses from the same statute contain different elements, the amendment to the charge changed the identity of the crime); see, e.g., *Headley*, paragraph two of syllabus (the type of controlled substance involved constitutes an essential element of the crime that must be included in the indictment; the omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged).

{¶ 20} Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court, as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury. *Kittle*, 2005-Ohio-3198, 2005 WL 1491997, at ¶ 10; *Headley*, 6 Ohio St.3d at 478–479, 6 OBR 526, 453 N.E.2d 716.

{¶ 21} An amendment that effectively increases the severity of the charged offense changes the identity of the offense and, consequently, is prohibited by Crim.R. 7(D). *State v. Davis*, 2007-Ohio-2249, 2007 WL 1376934, at ¶ 24; see, e.g., *State v. O'Brien* (1987), 30 Ohio St.3d 122, 126, 30 OBR 436, 508 N.E.2d 144 (identity of crime was not changed by the addition of the word "recklessness" to the indictment, as neither the penalty nor the degree of the offense was changed as a result of the amendment); compare *State v. Bowen* (Dec. 8, 1999), Columbiana App. No. 96 CO 68, 1999 WL 1138583 (an indictment that does not contain all of the essential elements of a crime may be amended to correct the omission as long as the name and the identity of the crime are not changed and the accused has not been misled or prejudiced by the omitted element; a fact or specification that does not elevate the degree of a crime but merely enhances the sentence is not required to be included in the indictment).

{¶ 22} A bill of particulars has a limited purpose to elucidate the conduct of the defendant alleged to constitute the charged offense. *State v. Miller* (1989), 63 Ohio App.3d 479, 485–486, 579 N.E.2d 276. A defendant, upon

demand, is entitled to a bill of particulars setting out the ultimate facts upon which the state expects to rely in establishing its case, and the state upon supplying such a bill should be restricted in its proof to the indictment and the particulars as set forth in the bill. Id.

{¶ 23} We have reviewed the indictment and amendment to the indictment and find appellant's assignment of error well taken. The amendment granted by the trial court was a change in the identity of the crime for which appellant was indicted by the grand jury.[2]

{¶ 24} We are aware that the caption or heading of the indictment listed the felony subsection and indicated that the charge was a felony of the third degree. However, the text or body of the indictment did not list the level of the offense or the specific statutory subsection, and most importantly, contained no "force or unlawful threat of harm" element to constitute the felony charge. Cf. *State v. Lewis* (Feb. 7, 1994), Stark App. No. 9393, 1994 WL 45864 (in discussing R.C. 2945.75, the court found that where the caption at the top of the indictment stated that the indictment is for a fourth-degree felony, but the body of the indictment did not state the degree of the offense, nor did it allege one of the additional elements that would give rise to a charge of the higher degree, the designation in the heading of the indictment was "insufficient standing alone" to charge defendant with a felony violation).[3]

{¶ 25} The grand jury indicted appellant for two counts that did not involve the use of force or unlawful threat of harm. By later adding the essential element of "force or unlawful threat of force," the level of the offense was increased from a misdemeanor to a felony. It appears that the amendment permitted a procedure in which the trial court convicted the accused on a charge essentially different from that found by the grand jury. Appellant's first assignment of error is sustained.

{¶ 26} Assignment of Error No. 2:

{¶ 27} "The trial court erred by overruling the defendant's Rule 29 motion for acquittal, as co-defendants are not statutory equivalent of witnesses under the Ohio Revised Code."

---

**2.** As we previously stated, the bill of particulars, while not presented to this court, apparently also omitted the language at issue and was amended at the same time as the indictment, and, therefore, the bill of particulars exacerbated the concerns raised in this assignment of error.

**3.** Though it was not cited by the parties, we are aware of this court's decision in *State v. Smith* (1983), 14 Ohio App.3d 366, 14 OBR 470, 471 N.E.2d 795. While that case is factually distinguishable, to the extent that it may be construed to require a result different from our decision today, we decline to follow it.

{¶ 28} In reviewing a trial court's denial of a Crim.R. 29 motion and the sufficiency of the evidence underlying a criminal conviction, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Prater*, Butler App. No. CA2006–01–017, 2006-Ohio-7028, 2006 WL 3833895, ¶ 14; *In re J.W.*, Miami App. 04CA5, 2004-Ohio-3404, 2004 WL 1459350, ¶ 22 (standard of review is the same for a denial of a Crim.R. 29 motion as for the sufficiency of the evidence).

{¶ 29} Appellant apparently argues that the state could not prove that Bartram and Browning were witnesses at the time they were allegedly intimidated because they were suspects or co-defendants and not witnesses until the alleged act of intimidation occurred.

{¶ 30} Appellant cites the definition of "witness" in Black's Law Dictionary to include "one who, being present, personally sees or perceives a thing; a beholder, spectator, or eyewitness. One who is called to testify before a court. One who testifies to what he has seen, heard, or otherwise observed." Black's Law Dictionary (6th Ed.1990) 1603.

{¶ 31} The criminal charge at issue states that no person shall knowingly attempt to intimidate or hinder a witness involved in a criminal action or proceeding in discharge of the duties of the witness. See R.C. 2921.04. Appellant was accused of attempting to intimidate Browning and Bartram from divulging to police whether appellant was criminally involved in the check-writing scheme in which they were also involved.

{¶ 32} Browning and Bartram both testified about their conversations with law enforcement and their participation in the police investigation, as well as the events leading to the charges. Evidence was presented that appellant knew that Browning and Bartram had knowledge about appellant's alleged participation in the scheme and were meeting and talking with police.

{¶ 33} We hold that the trial court did not err in overruling appellant's Crim.R. 29 motion for acquittal. Any rational trier of fact could have found beyond a reasonable doubt that Browning and Bartram were witnesses involved in a criminal action in the discharge of their duties and appellant's actions toward them were based upon their status as witnesses. Appellant's second assignment of error is overruled.

{¶ 34} Assignment of Error No. 3:

{¶ 35} "R.C. statute is void for vagueness on the meaning of 'discharge of his or her duties' as a witness and whether 'discharge of his or her duties' constitutes a necessary element of the offense of intimidation of a witness."

{¶ 36} In order to survive a void-for-vagueness challenge, a statute must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary and discriminatory enforcement. *State v. Williams* (2000), 88 Ohio St.3d 513, 532, 728 N.E.2d 342.

{¶ 37} A review of the record indicates that appellant never raised the constitutionality of the statute with the trial court. An appellate court will not consider any error that counsel for the complaining party could have called to the attention of the lower court at a time when that alleged error could have been avoided or corrected by the lower court. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 489 N.E.2d 277. The question of the constitutionality of a statute must generally be raised in the trial court. Id. The waiver doctrine stated in *Awan* is discretionary. *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, syllabus; *In re Z.S.*, Clermont App. Nos. CA2005–02–010 and CA2005–02–011, 2005-Ohio-7033, 2005 WL 3588429, ¶ 7.

{¶ 38} We decline to exercise our discretion to consider this issue that was not raised in the court below. See, e.g., *State v. Davis* (June 2, 1988), Franklin App. No. 87AP–1111, 1988 WL 57592 (where appellant argued that R.C. 2921.04[A] was void for vagueness because the phrase "discharge of his duty" was susceptible of several different interpretations, appellate court noted that R.C.2921.04[A] was not void for vagueness, but ruled that defendant waived the issue by failing to raise it below). Appellant's third assignment of error is overruled.

{¶ 39} The judgment is reversed, and the cause is remanded to the trial court for further proceedings in accordance with the law and this opinion.

Judgment reversed
and cause remanded.

YOUNG, P.J., and BRESSLER, J., concur.