{¶ 82} I concur with the majority, as to the second and third assignments of error. I also concur with the disposition by the writing judge. Although I dissent in part, I concur that this case should be remanded to the trial court for re-sentencing.
 {¶ 83} The majority maintains that even though the indictment specified that the charge of child endangerment was a felony of the third degree, the amendment to include the "serious physical harm" specification was improper and constitutes *Page 23 
reversible error. For the reasons set forth below, I respectfully dissent, as to the first assignment of error.
 {¶ 84} In State v. O'Brien (1987), 30 Ohio St.3d 122, the Supreme Court established the following principle of law:
 {¶ 85} "An indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment (Crim. R. 7[D], construed and applied.)" O'Brien, supra, at paragraph two of the syllabus.
 {¶ 86} In O'Brien, the state moved to amend an indictment subsequent to the close of its case-in-chief, to specify the mens rea element of "recklessness" for the charge of endangering children. The Court pointed out that the indictment was properly amended to include this essential element because: "[n]either the penalty nor the degree of the offensewas changed as a result of the amendment. Since the addition of the culpable mental state of `recklessness' did not change the name or identity of the crime of endangering children, the amendment was proper pursuant to Crim. R. 7(D)." (Emphasis added). O'Brien, supra, at 126.
 {¶ 87} In State v. Headley (1983), 6 Ohio St.3d 475, upon motion, the trial court amended an indictment to specify the type of controlled substance involved in a drug-trafficking charge, when the original indictment had not identified it. Although the issue was whether the original indictment was fatally flawed (not whether the amendment was proper), the Supreme Court analyzed the omission and subsequent amendment under Crim. R. 7(D). The court observed "[t]he severity of the offense is dependent upon the *Page 24 
type of drug involved," and in particular, that possession of certain controlled substances merits a charge of aggravated trafficking, while possession of others merits a charge of trafficking in drugs, a lesser offense. Id. at 479. Pursuant to this analysis, the Court concluded that an amendment to specify the type of drugs involved was improper because changing the type of drug involved would "change the very identity of the offense charged." Id.
 {¶ 88} Most recently, in State v. Davis, Slip Opinion No. 2008-Ohio-4537, the Supreme Court revisited the issue. InDavis, the defendant was indicted on several drug-related charges, including two counts of aggravated trafficking in drugs. Unlike the indictment in the case at bar, the indictment in Davis apparently did not expressly state the felony level with which the defendant was charged. However, the statute under which the defendant was charged reflected that the charge was a felony of the fourth degree. During trial, the court amended the charge and increased the amount of controlled substances involved. As amended, the charge was a felony of the second degree. The Supreme Court determined, pursuant toO'Brien and Headley, such an amendment was improper, holding that "* * * amending the indictment to change the penalty or degree changes the identity of the offense." Id. at ¶ 9.
 {¶ 89} With this guidance in mind, I would hold the amendment under consideration was proper. To wit, the amendment neither altered the identity of the crime nor did it enhance or change the penalty or degree of the charged offense. Further, the original indictment described the actions of appellant which constituted endangering children andspecifically stated appellant was being charged with a third degree felony. The only way a defendant charged with endangering children may be *Page 25 
convicted of a third degree felony is by proof that the victim(s) suffered serious physical harm. R.C. 2919.22(E)(2)(c). The pre-amended indictment was therefore sufficient to put appellant on notice of the crime, its elements, and its degree. The amendment was merely a clarification adding nothing to the crime charged that was not already apparent on its original face.
 {¶ 90} I would also point out that the caption of the crime (the portion of the indictment listing the crime, statutory subsection, and felony degree) was specifically incorporated into the "text or body" of the indictment. This observation is relevant because the majority relies upon the Twelfth Appellate District's holding in State v.Fairbanks, 172 Ohio App.3d 766, 2007-Ohio-4117.
 {¶ 91} In that case, the indictment provided a caption stating the crime charged, the statutory subsection, and the felony degree. Below and separate from the caption was the text or body of the indictment setting forth the date of the crime, the defendant's alleged prohibited conduct, and the elements of the crime charged. The caption and body of that indictment were set forth in the instrument with nothing indicating the crime alleged in the caption was specifically connected to the alleged prohibited conduct in the body. As a result, the Twelfth District determined the state's attempt to amend the indictment changed the identity of the crime. That is, because the caption and body were fundamentally disconnected and the indictment did not include the level of the offense or specific statutory subsection in the body, adding an essential element to the body of the indictment functioned to facially alter the level of the offense from a misdemeanor to a felony. *Page 26 
 {¶ 92} Here, alternatively, the indictment sets forth the alleged prohibited conduct within the body which is necessarily connected to the following caption: "This act, to-wit: Endangering Children, constitutes a Felony of the Third degree, contrary to and in violation of the Ohio Revised Code, Title 29, [Section] 2919.22(A) and against the peace and dignity of the State of Ohio." The "[t]his act" language demonstrates there can be no confusion as to what alleged behavior is being charged under the specific statutory subsection prohibiting endangering children, a felony of the third degree. Because there is unequivocal language incorporating the charged offense, statutory subsection, and felony level to the alleged prohibited conduct, the instant matter is distinguishable from Fairbanks.
 {¶ 93} Finally, I would point out this court has recently stated:
 {¶ 94} "It is well settled that `under Ohio law, a criminal indictment is intended to serve two basic purposes: (1) it compels the state to aver all material elements of the charged offense so that the defendant can have proper notice and a reasonable opportunity to defend himself; and (2) by properly identifying the charged offense, it protects the defendant from future prosecutions for the same crime.'" State v.Batich, 11th Dist. No. 2006-A-0031, 2007-Ohio-2305, at ¶ 31, quotingState ex rel. Smith, 11th Dist. No. 2004-A-0080, 2005-Ohio-825, at ¶ 5.
 {¶ 95} In Batich, the state failed to amend an indictment to include the mens rea element of recklessness in a child endangering case. However, this court held the omission did not render the indictment plainly defective because the reference to the statute in the indictment sufficiently "apprised [the defendant] of the charged offense." Id. *Page 27 
 {¶ 96} The amendment neither changed the name or identity of the crime charged in the original indictment. Moreover, it did not alter the potential penalty with which appellant was faced. From the inception of the underlying prosecution, appellant was aware of the charged offense and was on notice of the essential elements the state was required to prove. I would therefore hold the trial court did not err in amending the indictment to include the "serious physical harm" specification and accordingly affirm its judgment. *Page 1