[Cite as *State v. Moore*, 2016-Ohio-2836.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103123

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AARON MOORE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587916-A

**BEFORE:**    Blackmon, J., Jones, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    May 5, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue
Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Aleksandra Chojnacki
Kristin Karkutt
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Aaron Moore appeals his convictions for gross sexual imposition and sexual battery and assigns the following three errors for our review.

I. The state failed to present sufficient evidence to sustain a conviction against appellant.

II. Appellant's convictions are against the manifest weight of the evidence.

III. The trial court erred when it allowed the State of Ohio to amend the dates in the indictment in the middle of the trial which violated appellant's rights under Article I, Section 10 of the Ohio Constitution and Fourteenth Amendment to the United States Constitution.

{¶2} Having reviewed the record and pertinent law, we affirm Moore's convictions. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Moore in a multicount indictment that included the following counts: three counts of gross sexual imposition, three counts of rape, three counts of sexual battery, and three counts of kidnapping. During the trial, the state dismissed two counts of gross sexual imposition, one count of rape, and one count of sexual battery.

{¶4} The victim H.L. testified that when he was in seventh and eighth grades Moore, who was his mother's boyfriend and eventually Moore's stepfather, sexually abused him. The victim was in the seventh and eighth grades in the fall of 2009 until the spring of 2011. He stated that he would have movie nights with Moore, which involved him sleeping with Moore in his mother's and Moore's bed with Moore, while his mother and sister slept on the couch in the living room. While watching the movies, Moore

would put his hands inside the victim's shorts and touch the victim's penis. Over time, the touching evolved into Moore removing the victim's shorts and engaging in anal intercourse with him. According to the victim, afterwards, Moore would apologize. The victim did not tell his mother because his mother was legally blind, and the family relied on Moore's income.

{¶5} The first person that the victim disclosed the abuse to was his best friend who lived across the street. The friend urged the victim to tell an adult. In response, the victim told his friend's mother about the abuse. He begged her not to tell his mother, but she confronted the victim's mother with the information. The victim's mother confronted Moore. According to the victim's mother, Moore "had no reaction" when she confronted him about the abuse allegations. The victim's mother did not alert authorities because the victim did not want her to.

{¶6} Several months after the disclosure, Moore moved from the home. In 2012, Moore eventually moved back in with the victim's mother, but the abuse did not continue. The victim's mother and Moore got married soon after Moore moved backed in.

{¶7} In 2013, the victim disclosed the abuse to the pastor at his church because he was trying to come to terms with what happened and to forgive Moore. The pastor claimed he did not tell authorities because he thought the matter had been resolved.

{¶8} In May 2014, the victim told his girlfriend and her mother about the abuse. The girlfriend's mother told the school principal, and after speaking with the victim, the principal alerted authorities.

**{¶9}** The jury found Moore guilty of one count of gross sexual imposition and one count of sexual battery. The jury found Moore not guilty of the remaining counts. The trial court sentenced Moore to 18 months in prison for the gross sexual imposition and five years in prison for the sexual battery. The counts were ordered to be served consecutively. Additionally, the trial court classified Moore as a Tier III sex offender.

## Insufficient Evidence

**{¶10}** In his first assigned error, Moore argues that the evidence was insufficient to support his convictions.

**{¶11}** Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the prosecution's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, ¶ 21, citing *Cleveland v. Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571; *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241.

**{¶12}** A challenge to the sufficiency of the evidence supporting a conviction requires the court to determine whether the prosecution has met its burden of production at trial. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). On review for sufficiency, courts are to assess not whether the prosecution's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Givan* at ¶ 13. Moore contends there was no physical evidence that the crime occurred and that a specific date of when the crime occurred was not established.

**{¶13}** Physical evidence was not necessary to prove Moore's guilt for gross sexual imposition or sexual battery. R.C. 2907.05(A)(1) defines the elements of gross sexual imposition as:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.

**{¶14}** Pursuant to R.C. 2907.01(B), "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, [or] pubic region * * *." In the instant case, the victim testified the abuse began with Moore putting his hand in the victim's shorts and touching his penis. This was sufficient evidence to support "sexual contact" under the gross sexual imposition statue.

**{¶15}** There was also sufficient evidence of force. The Ohio Supreme Court has addressed the issue of "force or threat of force" several times. In *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), the court held that the amount of force necessary to commit the offense "depends upon the age, size, and strength of the parties and their relation to each other." *Id*. at paragraph one of the syllabus. Given the inherent coercion in parental authority when a parent abuses his or her child, the requisite force "'need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the * * * victim's will was overcome by fear or duress, the

forcible element * * * can be established.'" *Id.* at 58-59, quoting *State v. Fowler*, 27 Ohio App.3d 149,154, 500 N.E.2d 390 (8th Dist.1985).

{¶16} The Supreme Court clarified *Eskridge* in *State v. Schaim*, 65 Ohio St.3d 51, 500 N.E.2d 661 (1992), stating that in *Eskridge*, it "recognized that coercion is inherent in the parent-child relationship and that under these special circumstances '[f]orce need not be overt and physically brutal, but can be subtle and psychological.'" In the instant case, the victim testified that Moore was the only father figure he had in his life and that he did not tell anyone about the abuse because his family relied upon Moore's income for their living expenses. Thus, given the parent-child relationship and the fact the victim's family relied upon Moore's financial assistance, there was evidence of force.

{¶17} Moore was also convicted of sexual battery pursuant to R.C. 2907.03(A)(1), which provides:

> (A)   No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
>
> (1)   The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.

{¶18} "Sexual conduct" pursuant to R.C. 2907.01(A) includes "anal intercourse." In the instant case the victim testified that the touching evolved into anal intercourse. Thus, there was sufficient evidence of "sexual conduct." Also, because Moore was a father figure to the victim, upon whom the victim's family relied upon for financial support, the act was coercive on Moore's part.

**{¶19}** Moore also alleges the convictions were based on insufficient evidence due to the fact the victim could not remember the precise dates on which the acts occurred. However, as we held in *State v. Yaacov*, 8th Dist. Cuyahoga No. 86674, 2006-Ohio-5321, the "specific date and time of the offenses are not elements of the crimes charged." *Id.* at ¶ 17. Moreover, "many child victims are unable to remember exact dates and times, particularly where the crimes involved a repeated course of conduct over an extended period of time." *Id.* Accordingly, Moore's first assigned error is overruled.

## Manifest Weight of the Evidence

**{¶20}** In his second assigned error, Moore contends that his convictions were against the manifest weight of the evidence.

**{¶21}** In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id.* at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386-387. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id.* at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's

resolution of the conflicting testimony." *Id*. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

*Id*. at ¶ 25.

**{¶22}** An appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id*.

**{¶23}** Moore contends the fact that the victim could not recite the exact dates that the abuse occurred made his testimony incredible and that his testimony conflicted with that of the other witnesses regarding the years the abuse occurred. As we discussed, the failure of a child who suffered abuse to recall the exact date of the abuse is not unusual. Here, the victim could not recall the specific dates but stated that it happened over a two-year time frame when he was in seventh and eighth grade and that the abuse stopped once Moore moved from the home. Although the victim's mother, his friend, and his friend's mother gave different years that they thought the abuse occurred, they all agreed that the victim was either in seventh or eighth grade. Thus, the jury's resolving the conflicting testimony as to when the abuse occurred did not result in a manifest miscarriage of justice.

**{¶24}** Moore also argues the victim was not credible because the victim was the best man when Moore married the victim's mother and wanted to spend his school winter

break with Moore, both of which occurred after the alleged abuse. However, as the victim stated on the stand, his feelings for Moore were conflicted because although he abused the victim, Moore was the only father figure he had in his life. He also stated he did not want Moore to be placed in jail. The jury heard the evidence, and we defer to their determination regarding whether the victim was credible in light of his conflicted feelings towards Moore.

{¶25} Moore also argues that the revenge was the reason that the victim told his girlfriend, the girlfriend's mother, and the principal that Moore abused him. Moore had informed the principal regarding inappropriate texting between the victim and his girlfriend and had grounded the victim for staying the night at his girlfriend's house. However, the victim stated that this was not his motive. This would also not explain the victim's motive when he told his best friend and the friend's mother about the abuse shortly after it occurred in seventh grade, which was years prior to the above transgressions. Accordingly, Moore's second assigned error is overruled.

## **Amendment of Indictment**

{¶26} In his third assigned error, Moore argues the trial court erred by allowing the state to amend the dates in the indictment during the trial.

{¶27} The original indictment for the gross sexual imposition count stated that the crime occurred, "on or about November 1, 2010 to February 28, 2011." The original indictment for the sexual battery count stated that the crime occurred "on or about April 1, 2013 to April 30, 2013." Both counts were amended at trial to allege that the crimes occurred on or about "January 1, 2009 to November 30, 2012" in order to conform to

the evidence presented at trial. The victim testified that the abuse occurred while he was in seventh and eighth grades. Several of the witnesses also stated that the victim revealed the abuse to them while he was in seventh or eighth grades. It was established at trial that the victim was in seventh and eighth grade from 2009 until 2011.

{¶28} Crim.R. 7(D) allows a trial court to amend an indictment to conform to the evidence presented at trial. Crim.R. 7(D) provides that a court may permit the amendment of an indictment at "any time," including "during" the trial, as long as it does not change the name or identity of the crime charged. A may occur when, for example, the amendment includes new elements requiring independent proof, or when the amendment increases the severity of the offense. *See State v. Fairbanks*, 172 Ohio App.3d 766, 2007-Ohio-4117, 876 N.E.2d 1293, ¶ 19-21 (12th Dist.).

{¶29} Where the amendment does not change the name or identity of the offense, a reviewing court should not disturb a court's decision to permit the amendment of an indictment absent an abuse of discretion and a showing of prejudice to the defense. *See State v. Douglas*, 10th Dist. Franklin No. 09AP-111, 2009-Ohio-6659, ¶ 33; *State v. Gibson*, 5th Dist. Stark No. 2007 CA 00209, 2008-Ohio-3936, ¶ 88; *State v. Beach*, 148 Ohio App.3d 181, 2002-Ohio-2759, 772 N.E.2d 677, ¶ 23 (1st Dist.).

{¶30} Here, changing the dates did not change the name or identity of the offenses. This case was also not a case where the change in the dates prevented the defendant from presenting an alibi defense.

{¶31} We note that Moore relies on this court's decision in *State v. Vitale*, 96 Ohio App.3d 695, 645 N.E.2d 1277 (8th Dist.1994). In *Vitale*, we held that the trial court

erred by allowing the state to change a specific date in the indictment to fit a different theft that occurred at a different location than the one contained in the indictment. Thus, in *Vitale*, at trial the state was permitted to include a different potential theft than the one presented to the grand jury. In the instant case, the indictment included a range of dates, not a specific date, and the amendment did not change the location of the offenses. *See State v. Schafer*, 8th Dist. Cuyahoga No. 79758, 2002-Ohio-6632. (Trial court did not err by allowing the indictment to be amended by expanding the time frame and distinguished *Vitale* by concluding in *Vitale* a specific date and location was set forth in the indictment.) Accordingly, Moore's third assigned error is overruled.

**{¶32}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., A.J., and

MARY EILEEN KILBANE, J., CONCUR